JANET HARPER WANDS, EXECUTRIX OF THE ESTATE OF JOHN WANDS, DECEASED, v. MARION FRANKLIN CAUBLE. EUGENE OLIVER AND DAN OLIVER.

(Filed 10 May, 1967.)

**1. Appeal and Error § 20—**

In this action against both drivers involved in a collision, each driver attempted to get his version of the accident in evidence by cross-examination over plaintiff's objection of plaintiff's witness, the investigating patrolman. *Held:* Plaintiff may not be charged for responsibility by one defendant for any error made by the other defendant in this respect.

**2. Trial § 16—**

In this action for wrongful death, a witness testified that the deceased left a wife and son. The court prevented the witness from answering a further question as to the condition of the son, and instructed the jury to disregard the testimony as to deceased's survivors. *Held:* By withdrawing the evidence the court cured any error.

**3. Death § 6—**

Eligibility to share in retirement funds is in the nature of delayed compensation for former years of service and, in an action for wrongful death, deceased's right in a retirement fund is competent in evidence on the question of damages.

**4. Automobiles §§ 17, 43—**

Evidence that right turns were permitted at the intersection in question only from the right lane, that one defendant, at the last moment, undertook a right turn from the middle lane, and that the other defendant sideswiped him on the right, continued across the street, broke down a power pole in the utility strip beyond the opposite corner, and killed testator, who was standing near the pole, *is held* to require the court to charge the jury on the question of the negligence of the one driver in attempting to switch traffic lanes at the intersection without seeing that the movement could be made in safety, and of the other defendant in attempting to speed through the intersection.

APPEAL by defendants from *Falls, J.,* November, 1966 Session, ROWAN Superior Court.

The plaintiff, Executrix of John Wands, instituted this civil action to recover damages for the wrongful death of her testator, proximately caused by the actionable negligence of the defendants. The plaintiff alleged and offered evidence tending to show the following.

On December 5, 1965, at about 4:40 p.m., John Wands, age 63, was standing beside a power pole in the utility strip 18 inches wide between the sidewalk and the east side of Long Street, north of its intersection with Henderson Street in the City of Spencer. Long Street is paved, 32 feet wide and carries traffic north and south. It intersects at right angles with Henderson Street which is paved, 38 feet wide and carries traffic east and west. Approaching the intersection from the south, Long Street has three traffic lanes marked by white lines painted on the street surface. The lane on the right, or east, is 10.2 feet wide. White arrows in the center of this lane point north and east, indicating that traffic may pass through the intersection or may turn right on Henderson Street. The middle lane is 8.8 feet wide. The arrows painted on the surface of the street within this lane indicate that it is exclusively for traffic turning to the left on Henderson Street. The third lane is 12 feet wide and is intended to carry traffic south on Long Street.

The plaintiff alleged and offered evidence tending to show that the defendant, Marion Franklin Cauble, drove his Buick north on Long Street in the middle traffic lane (intended for a turn left), but at the last moment undertook to turn right on Henderson Street. In making the change over and while the Buick partially blocked both lanes at the entrance to the intersection, Eugene Oliver, driving Dan Oliver's Ford, sideswiped the Buick on the right. The debris indi-

cated the Buick stopped within a few feet. The Ford continued across Henderson Street, flattened a stop sign at the northwest corner of the intersection, and continued for 19 feet beyond the intersection, broke down a power pole in the utility strip and killed the plaintiff's testator who was standing near the pole.

Each defendant, by answer, denied negligence and as a further defense alleged the other driver was solely responsible for the accident. Neither of the defendants, however, offered evidence. The highway patrolman who investigated the accident testified as a witness for the plaintiff as to the physical facts at the scene of the accident. Each defendant cross-examined him with respect to the statements made by the defendants. The plaintiff objected to this evidence. The Court, however, permitted the witness to testify as to the statements made by each driver with respect to what took place at the time of the accident. At the close of plaintiff's evidence the Court submitted these issues, which the jury answered as indicated:

"1. Was the plaintiff's intestate injured and killed by the negligence of the defendant Marion Franklin Cauble, as alleged in the Complaint? ANSWER: Yes.

2. Was the plaintiff's intestate injured and killed by the negligence of the defendant Eugene Oliver, as alleged in the Complaint? ANSWER: Yes.

3. Was the defendant Eugene Oliver, at the time of the accident, acting as the agent and servant of the defendant Dan Oliver, as alleged in the Complaint? ANSWER: Yes.

4. What amount, if any, is the plaintiff entitled to recover? ANSWER: $25,000.00."

From judgment in accordance with the verdict, the defendants appealed.

*Woodson, Hudson & Busby by Grady Ferrell, Jr., for defendant Cauble.*

*Shuford, Kluttz & Hamlin by Lewis P. Hamlin, Jr., for defendants Oliver.*

*J. Allan Dunn, Kessler and Seay by John C. Kesler for plaintiff appellee.*

HIGGINS, J. The defendant Cauble interposed three objections to the trial: (1) the Court, over his objection, permitted the plaintiff's witness Anthony to testify to the defendant Eugene Oliver's admissions with respect to how the collision occurred; (2) the Court refused to order a mistrial after having permitted plaintiff's witness Bingham to testify the deceased left, a widow and son; and (3) the

Court failed correctly to charge with respect to G.S. 20-150(c) and G.S. 20-153(a).

The plaintiff's witness Anthony, a member of the highway patrol, arrived at the scene of the accident within a few minutes after it occurred. He described in detail the physical evidence, including the position of the vehicles, the damages to them and other pertinent facts. For the purpose of illustrating his testimony, he drew a diagram on the blackboard. A photostat of the drawing is included as one of the exhibits filed here. He testified the front of the Cauble vehicle was in the marked crosswalk on the south side of the intersection. The damage was along the right front .fender and the bumper. The plaintiff did not make any inquiry as to statements of either driver. In fact, when the Olivers' attorney sought to elicit Eugene Oliver's ·statement to the witness, plaintiff's counsel objected. Also, Cauble objected. However, Cauble's counsel also obtained admissions as to statements made by Cauble. Obviously each was attempting to get before the jury his own explanation to the investigating officer as to how the accident occurred. The defendants seem to have broken about even in these inquiries. Plaintiff objected and should not be charged with responsibility for any error either defendant made in trying to get before the jury a statement made in exculpation of his conduct.

Plaintiff's attorney asked plaintiff's witness Bingham about the family of the deceased. The witness answered, "He had a wife and son." Then counsel asked, "Do you know the condition of the son?" Without permitting the witness to answer as to the condition of the son, Judge Falls gave this instruction:

> "COURT: Ladies and gentlemen of the jury, you will disregard any questions or answers elicited from this witness upon how many people the deceased, Mr. Wands, had in his family. You will disregard that evidence in its entirety. You will, however, remember what the testimony tends to show as to what the deceased's earnings were at the time of his death."

Immediately after the instruction, each defendant moved for a mistrial. The Court denied the motion. The Court's instruction cured any error. "It is undoubtedly approved by our decisions that the trial court may correct a slip in the admission of isolated or simple points of evidence by withdrawing such evidence at any time before verdict and instructing the jury not to consider it." *In Re Will of Yelverton*, 198 N.C. 746, 153 S.E. 319; McIntosh, N. C. Practice and Procedure, 2d Ed., Vol. 2, Sec. 1513.

In addition to objections similar to those interposed by the defendant Cauble and already discussed, the defendants Oliver con-

tended the Court committed error in permitting the witness Bingham to testify that Mr. Wands would soon be able to retire from his regular employment, and the amount of retirement pay he would be eligible to receive. The objection is based upon the ground that this evidence is not properly admissible as an element of damages. However, eligibility for retirement and the right to share in a fund for that purpose are in the nature of delayed compensation for former years of faithful service. *Bryant v. Woodlief,* 252 N.C. 488, 114 S.E. 2d 241; *Bridges v. Charlotte,* 221 N.C. 472, 20 S.E. 2d 825. The evidence relating to retirement rights was properly admitted.

The drivers of the vehicles involved argued Judge Falls improperly charged the jury with respect to the rights and duties in traversing the intersection. The physical facts described in the testimony of patrolman Anthony (and illustrated by the diagram) painted a clear picture of the manner in which the collision occurred. Cauble tried to switch traffic lanes at the intersection without seeing the movement could be made in safety. Oliver tried to speed through the intersection. The Court did not go afield in the charge. In fact, the instructions covered the legal rules arising on the evidence. In the trial and judgment, we find

No error.