AMERICAN CREDIT COMPANY OF WINSTON-SALEM, INC. v.
BENJAMIN BROWN

No. 7121DC11

(Filed 3 February 1971)

**Rules of Civil Procedure § 51— failure to apply law to the evidence**

In this action to recover the balance allegedly due on a conditional sales contract and to recover possession of the automobile covered thereby, plaintiff is entitled to a new trial for failure of the trial judge to declare and explain the law arising on the evidence given in the case. G.S. 1A-1, Rule 51(a).

APPEAL by plaintiff from *Henderson, District Judge,* 1 June 1970 Session of FORSYTH District Court.

Civil action to recover balance alleged to be due on a conditional sale contract and to recover possession of the automobile covered thereby. Defendant denied he was in default. At the trial before judge and jury the parties stipulated answers to the first three of four issues, i.e., that the defendant executed the contract, that he was indebted to the plaintiff as alleged in the complaint, and that the amount of the indebtedness was $2,601.81. Only one issue was submitted to and answered by the jury as follows:

"4. Is the plaintiff entitled to immediate possession of the automobile described in said contract for its sale and the application of the sale proceeds toward payment of the indebtedness?

"Answer: No."

The court entered judgment that the plaintiff is not entitled to the immediate possession of the automobile and that the defendant is and has been entitled to possession. Plaintiff appealed, assigning errors.

*Blackwell, Blackwell, Canady, Eller & Jones, by Jack F. Canady for plaintiff appellant.*

*White, Crumpler & Pfefferkorn, by Joe P. McCollum, Jr., and James G. White for defendant appellee.*

PARKER, Judge.

In charging the jury the trial judge did not at any time "declare and explain the law arising on the evidence given in the case." This he was required to do. G.S. 1A-1, Rule 51(a); 7 Strong, N.C. Index 2d, Trial, § 33, p. 324, *et seq.* The jury was given no guidance as to what facts, if found by them to be true, would justify them in answering the sole issue submitted to them either in the affirmative or the negative. For failure of the trial judge to comply with the mandate of Rule 51(a), plaintiff is entitled to a

New trial.

Chief Judge MALLARD and Judge GRAHAM concur.