IRVIN A. BROADNAX, ADMINISTRATOR OF THE ESTATE OF FLOYD BOONE, DECEASED v. ROBERT LEE DELOATCH

No. 736SC741

(Filed 9 January 1974)

**Automobiles § 90— wrongful death action — sufficiency of instructions**
Trial court's instructions in a wrongful death action which contained a summary of the evidence and an explanation of the duty of defendant to keep a reasonable lookout, the duty to keep his vehicle under proper control, and the essentials of reckless and careless driving were sufficient.

APPEAL by plaintiff from *James, Judge,* 1 November 1972 Session of Superior Court held in NORTHAMPTON County.

This is a civil action in which plaintiff seeks to recover damages for the wrongful death of his intestate which plaintiff alleged was proximately caused by defendant's negligence. In his complaint plaintiff, in substance, alleged: Plaintiff is administrator of the estate of Floyd Boone, deceased. On the night of 9 July 1966, Boone drove his automobile in a westerly direction on N. C. Highway 195. At a point about one mile east of Seaboard, N. C., he drove his car to the right shoulder of the road and came to a stop with all wheels of his automobile off of the paved portion of the highway and with all lights on the car burning. While Boone's car was so parked, defendant Deloatch, driving his car also in a westerly direction along the same highway, drove off of the paved portion of the highway and onto the shoulder of the road, colliding with the rear of Boone's parked automobile. The collision threw Boone from his car and caused the injuries which resulted in his death a few hours later.

Plaintiff alleged the collision and Boone's death were proximately caused by defendant's negligence (1) in driving his car in a careless and reckless manner in violation of G.S. 20-140, (2) in driving while under the influence of alcohol, (3) in driving in excess of the posted speed limit, and (4) in carelessly and negligently driving his vehicle off of the travel lane of the highway and onto the dirt shoulder and into the rear of Boone's parked automobile in violation of G.S. 20-146.

Defendant answered, denying the material allegations of the complaint and pleading as a further answer and defense that Boone had operated his vehicle upon the public highways while in an intoxicated condition and that this constituted contributory negligence.

Plaintiff's evidence tended to show: Boone had been at the Santa Fe Inn and left on Highway 195 going toward Seaboard in a westerly direction about 10:00 p.m. About a mile away from the inn and at a farm path leading away from the highway, Boone pulled off the road and parked the car. As Boone pulled off the road he met a car operated by Glenn Williams who started to stop but proceeded down the road about 400 feet to another path where he turned in. The defendant Deloatch, who had also been at the Santa Fe Inn, left several minutes after Boone and also proceeded along Highway 195 in a westerly manner toward Seaboard. Closely behind Deloatch was Perlene Jordan who saw the defendant cross the center line of the highway while he was driving. Williams, who had turned in to the other path in order that he might go back to the Boone car to see if Dan Boone was in the Boone car, saw both of these cars pass as he had been forced to stop in the path when his gears "hung." Williams watched the Deloatch car go by and leave the road to hit the Boone car. Jordan arrived after the collision and Deloatch came to her car to tell her that he had hit Floyd Boone. The Deloatch car was damaged on the right front, and the Boone car, which had been turned from its original position, was damaged across the entire rear of the car. Boone was found near the car and off the road dirty and bleeding from the mouth. The lights of the car were still on but none of the doors were open and no glass was broken from the windows of the car. John Wood of the Highway Patrol arrived to investigate the accident, and Deloatch told him that in attempting to pass another vehicle he had struck the rear of the Boone car when forced to pull back in by an oncoming car. Wood also

found debris in the right lane 116 feet from the Deloatch car, scuff marks on the shoulder leading back from the Boone car 12 feet, and that the conditions at the scene of the wreck were that the weather was clear, the road straight and fairly level, and the highway 21 feet wide with eight feet of usable shoulders.

The parties agreed that the plaintiff's intestate died on 10 July 1966 of a cerebral concussion. Defendant offered no evidence and issues were submitted to the jury. From a verdict and entry of judgment thereon in favor of the defendant, plaintiff appeals assigning error.

*James R. Walker, Jr., for plaintiff appellant.*

*Charlie D. Clark, Jr., for defendant appellee.*

VAUGHN, Judge.

Plaintiff contends that the charge of the court was erroneous in two respects: (1) the judge restricted the jury findings to those matters specifically alleged in the complaint rather than charging on those issues arising from the evidence and (2) the judge failed to apply the law to the evidence in compliance with G.S. 1A-1, Rule 51.

Rule 51 requires that the judge "shall declare and explain the law arising on the evidence given in the case." Plaintiff's evidence tends to show that the defendant's car left the road and struck his intestate's parked car, thereby killing his intestate. The instructions contained a summary of the evidence and an explanation of the duty of the defendant to keep a reasonable lookout, the duty to keep his vehicle under proper control, and the essentials of reckless and careless driving. The fact that some of the language of the complaint was used in declaring the law of the case is not error so long as the judge explains all the law arising from the evidence as was done in this case.

In applying the law to the evidence the jury must be given guidance as to what facts, if found by them to be true, would justify them in answering the issues submitted to them in the affirmative or the negative. *Credit Co. v. Brown,* 10 N.C. App. 382, 178 S.E. 2d 649. We hold that the judge's instructions satisfy the basic requirements of the rule. We further hold that when the charge is considered as a whole, the judge's instruction at the very end of the charge to the effect that the fact

---

that an accident has occurred and someone has been injured or killed does not carry a presumption of negligence and the burden of proving negligence remains with the plaintiff, was not prejudicial error requiring a new trial. When the court has sufficiently instructed the jury, if the instructions are not as full as a party desires, he should submit a request for special instructions. *Koutsis v. Waddel,* 10 N.C. App. 731, 179 S.E. 2d 797.

On an earlier appeal, *Broadnax v. Deloatch,* 8 N.C. App. 620, 175 S.E. 2d 314, we held that it was error to grant defendant's motion for nonsuit because the case was one for the jury. The jury has now spoken in a trial which we believe to be without prejudicial error.

No error.

Judges CAMPBELL and PARKER concur.