Herring v. Scott

---

JACK HERRING v. SHEPARD SCOTT

No. 7416SC37

(Filed 6 March 1974)

1. **Automobiles § 46— striking opinion testimony as to speed — instructions to jury**

   Any error in the admission of a witness's opinion testimony as to the speed of defendant's car was cured when the court struck the testimony and instructed the jury not to consider it.

2. **Automobiles § 46— opinion testimony as to speed — opportunity to observe car**

   In a pedestrian's action to recover for personal injuries received when he was struck by defendant's car, a witness had sufficient opportunity to observe defendant's car to permit her to give an opinion as to its speed where she testified that she heard the collision and observed defendant's car as it braked down over a distance of 50 to 60 feet.

**3. Automobiles § 89— last clear chance — no admission of contributory negligence**

The trial court did not err in the submission of an issue as to last clear chance in a case in which contributory negligence had not been admitted by the plaintiff.

**4. Automobiles § 62— striking pedestrian**

Plaintiff's evidence was sufficient to support a jury finding that defendant was negligent in failing to keep a proper lookout when he struck plaintiff who was standing at the edge of the road under a street light.

APPEAL by defendant from *McLelland, Judge,* at the 21 May 1973 Session of ROBESON Superior Court.

This is a civil action instituted to recover for personal injuries sustained by the plaintiff, Jack Herring, a pedestrian, when struck by defendant's car. The plaintiff's evidence tended to show that on the night of 20 October 1967 the plaintiff was walking west on Carthage Road at or near its intersection with Albion Street in Lumberton, North Carolina. The plaintiff saw and hailed his brother, Pete Herring, who was walking north on Albion Street. The plaintiff crossed Carthage Road and stood in the edge of the road under a street light at the northeast corner of Carthage Road and Albion Street while talking with his brother. The defendant was proceeding west on Carthage Road when his car struck the plaintiff, knocking the body across Albion Street to a point twenty-five feet west of the northwest corner of Carthage Road.

Mrs. Juanita Pittman, who lives on the corner of Carthage and Albion, and who, upon hearing the collision rushed to the door which was open, saw the plaintiff's body skidding down the road, and the defendant's car as it hit the brakes and slid to a halt. Mrs. Pittman and the plaintiff's brother, neither of whom actually saw the impact, testified that the speed of defendant's car was approximately 50-55 miles per hour in a 35 mile per hour zone. The plaintiff's brother testified that he turned and saw the defendant's car moving for a total of two seconds as it crossed Albion Street. Mrs. Pittman testified that she observed defendant's car for five to six seconds as it braked down over a distance of 50 to 60 feet. The brother's testimony as to speed was stricken and the jury instructed to disregard this testimony. There was testimony to the effect that the view back down Carthage Road from Albion Street is unobstructed for approximately 200 yards. The issues sub-

mitted to the jury were negligence, contributory negligence, last clear chance, and damages. The jury found that the defendant was negligent, the plaintiff was not contributorily negligent, did not reach the issue of last clear chance, and awarded the plaintiff $10,000 in damages. From said verdict and judgment, the defendant appealed.

*L. J. Britt & Son by L. J. Britt; and McLean, Stacy, Henry & McLean by Dickson McLean, Jr., for plaintiff appellee.*

*Johnson, Hedgpeth, Biggs & Campbell by John Wishart Campbell for defendant appellant.*

CAMPBELL, Judge.

[1] The defendant assigns as error the failure of the trial court to grant a mistrial rather than just striking the speed testimony of the plaintiff's brother. Any error of the trial court was cured by the striking of the evidence and by the judge's instruction that the jury should disregard that testimony. *Wands v. Cauble,* 270 N.C. 311, 154 S.E. 2d 425 (1967); *Smith v. Perdue,* 258 N.C. 686, 129 S.E. 2d 293 (1963). See also Stansbury's North Carolina Evidence (Brandis Revision, 1973) § 28.

[2] The defendant also assigns as error the failure of the trial court to strike the testimony of Mrs. Pittman as incompetent because she had insufficient opportunity to observe the car and to accurately estimate its speed. We hold that in this case that issue is really one of what weight should be given Mrs. Pittman's testimony and that that question is for the jury. *Jones v. Bagwell,* 207 N.C. 378, 177 S.E. 170 (1934); *Ray v. Electric Membership Corporation,* 252 N.C. 380, 113 S.E. 2d 806 (1960); *Harrison v. Lewis,* 15 N.C. App. 26, 189 S.E. 2d 662 (1972).

[3] The defendant also assigns as error the submission by the trial court of the issue of last clear chance to the jury in any case where contributory negligence has not been admitted by the plaintiff. However, on similar facts it has been held no error to submit the issue of last clear chance to the jury. *Harrison v. Lewis, supra; Wanner v. Alsup,* 265 N.C. 308, 144 S.E. 2d 18 (1965). We would note that the jury did not even reach the issue of last clear chance and that the question defendant raises is largely academic.

[4]  Lastly, the defendant assigns as error the failure of the trial court to grant his motion for directed verdict. Even if no consideration be given to plaintiff's evidence as to excessive speed, the evidence was ample to allow the jury to infer that defendant failed to keep a proper lookout. Taken in the light most favorable to the plaintiff with all contradictions, conflicts and inconsistencies resolved in plaintiff's favor, the evidence was sufficient to withstand a motion for directed verdict.

We have considered defendant's other assignments of error and find them without merit. We find

No error.

Judges HEDRICK and BALEY concur.