TERRY LYNN MILLER, MINOR, BY HIS NEXT FRIEND, CHARLIE MILLER v. HAROLD WAYNE KENNEDY, MICHAEL ALLEN KENNEDY, JERRY DAVID KENNEDY AND GLENDA HOLDEN KENNEDY

No. 7419SC343

(Filed 19 June 1974)

1. Automobiles § 46— opinion testimony — speed of automobile and bicycle

   In an action growing out of an automobile-bicycle collision, a passenger in the automobile who testified the bicycle was 100 feet from

the automobile when he first saw it was qualified to give opinion testimony as to the speed of the automobile and the speed of the bicycle.

**2. Rules of Civil Procedure § 26; Witnesses § 5— exclusion of depositions offered for corroboration**

The trial court did not err in the exclusion of the 1969 depositions of the minor plaintiff and his father which were offered for the purpose of corroborating their testimony at the trial. G.S. 1A-1, Rule 26(d).

APPEAL by plaintiff from *Exum, Judge,* 24 September 1973 Session of Superior Court held in RANDOLPH County.

This is a civil action, instituted on 21 October 1968, in which plaintiff seeks to recover for extensive personal injuries sustained in a collision between a bicycle operated by plaintiff and an automobile operated by defendant Harold Kennedy and belonging to certain other defendants. The collision occurred on Rural Paved Road 1564 in Randolph County during daylight hours on 3 May 1967, at which time plaintiff was nine years old. The evidence showed that at the time of the collision the bicycle was proceeding south on said highway and the automobile was proceeding north. The speed limit was 55 m.p.h.

The first two issues submitted to the jury related to negligence of the operator of the automobile and contributory negligence of plaintiff. The jury answered the issue of negligence in favor of plaintiff and the issue of contributory negligence in favor of defendants. From judgment entered on the verdict, denying plaintiff any recovery, he appealed.

*Ottway Burton for plaintiff appellant.*

*Henson, Donahue & Elrod, by Perry C. Henson and Sammy R. Kirby, for defendant appellees.*

BRITT, Judge.

Although plaintiff has not properly grouped his exceptions and presented questions of law as required by the rules of this court, we have, nevertheless, considered all exceptions brought forward and argued in his brief. We will discuss only the exceptions that appear to be of primary importance.

[1] Plaintiff assigns as error the admission of testimony of defendant Michael Kennedy, who was riding in the automobile, to the effect that immediately prior to the collision, in his opinion, the automobile was traveling between 45 and 50 m.p.h. and

the bicycle between 20 and 25 m.p.h. Plaintiff argues that since the witness testified that the bicycle was only 100 feet from the automobile when he first saw it, the witness was not qualified to give an opinion as to speed. The assignment has no merit.

The opinion of the witness as to the speed of the automobile clearly was admissible. The witness had ample opportunity to observe the speed of the automobile; the extent of his observation affects only the weight, and not the competency, of the testimony. *Lookabill v. Regan*, 247 N.C. 199, 100 S.E. 2d 521 (1957); *State v. Woodlief*, 2 N.C. App. 495, 163 S.E. 2d 407 (1968). 1 Stansbury's N. C. Evidence, Brandis Revision, § 131.

Regarding the opinion of the witness as to the speed of the bicycle, it has been held that observance of a vehicle for 50 feet was not too brief for a witness to state his opinion as to the vehicle's speed. *Ray v. Membership Corp.*, 252 N.C. 380, 113 S.E. 2d 806 (1960). See also, *Herring v. Scott*, 21 N.C. App. 78, 203 S.E. 2d 341 (1974). We adhere to those decisions.

[2] Plaintiff assigns as error the refusal of the court to allow him to introduce into evidence the adverse examination of plaintiff and deposition of his father, taken on 17 October 1969. Plaintiff and his father testified at the trial, and plaintiff contends the adverse examination and deposition were admissible to corroborate their testimony. We find no merit in the assignment.

At the outset of our discussion of this assignment, we point out that under the new Rules of Civil Procedure, effective 1 January 1970 and applicable to litigation pending on that date, (Ch. 954, 1967 Session Laws as amended by Ch. 803, 1969 Session Laws), what was formerly referred to as an adverse examination is now a deposition. G.S. 1A-1, Rule 26. Therefore, hereinafter we will refer to plaintiff's adverse examination as a deposition.

First, we consider the assignment in the light of authorities applicable prior to 1 January 1970, the effective date of the new rules. In *Gibson v. Whitton*, 239 N.C. 11, 79 S.E. 2d 196 (1953), the court held that application of the rules regulating the reception and exclusion of corroborating evidence, so as to keep its scope and volume within reasonable bounds, necessarily rests in large measure in the discretion of the trial judge. In *Reeves v. Hill*, 272 N.C. 352, 158 S.E. 2d 529 (1968), the court held that the exclusion of the adverse examination of a

party was not error when it appeared that the party testified to the same import at the trial; that it was within the sound discretion of the trial judge to stop the time-consuming and tedious process of reading the questions and answers in the adverse examination. Applying authorities predating 1 January 1970 to the question at hand, after reviewing the testimony of plaintiff and his father provided at the trial, and comparing that testimony with that contained in their depositions, we conclude that the trial judge did not abuse his discretion in excluding the depositions.

We now consider the assignment in the light of G.S. 1A-1, Rule 26, which currently governs the taking and use of depositions. Pertinent portions of Rule 26 reads as follows:

"(d)  Use of depositions.—Any part or all of a deposition, so far as admissible under the rules of evidence, may be used at the trial . . . against any party who was present or represented at the taking of the deposition or who had due notice thereof, as follows:

(1) When the deponent is a party adverse to the party offering the deposition in evidence or is a person who at the time of taking the deposition was an officer, director or managing agent of a public or private corporation, partnership, or association which is a party adverse to the party offering the deposition in evidence, the deposition may be used for any purpose, whether or not deponent testifies at the trial or hearing.

(2) When the deponent testifies at the trial or hearing, the deposition may be used

a. By any party adverse to the party calling deponent as a witness, for the purpose of impeaching or contradicting the testimony of deponent as a witness, or as substantive evidence, and

b. By the party calling deponent as a witness, as substantive evidence of such facts stated in the deposition as are in conflict with or inconsistent with the testimony of deponent as a witness."

Subsection (d) (3) of the Rule then provides for the only other instances in which the deposition may be used, and "for purpose of corroboration" is not one of them.

Therefore, we hold that under the new rules, as applied to the facts appearing in this case, the trial court did not err in refusing to admit the depositions into evidence.

A review of the record with respect to the other assignments of error argued in plaintiff's brief impels us to conclude that they too are without merit. We hold that plaintiff received a fair trial, free from prejudicial error.

No error.

Chief Judge BROCK and Judge CAMPBELL concur.