# COURT OF APPEALS

OF

# NORTH CAROLINA

AT

# RALEIGH

CHRISTINE F. JONES, ADMINISTRATRIX OF THE ESTATE OF JULIAN
VAN JONES v. ANNIE COOPER BESS AND ROBERT ICES BESS

No. 753SC127

(Filed 21 May 1975)

Automobiles § 90— failure to explain law arising on evidence

In an action for the wrongful death of a child who was struck by
an automobile while riding his bicycle, the trial court failed to declare
and explain the law arising on the evidence in violation of G.S. 1A-1,
Rule 51, where the court explained the duties of an automobile operator
to maintain a reasonable lookout, to maintain proper control of the
vehicle, to sound a horn when passing a bicycle and the duty of care
imposed when the operator sees or should see children on or near the
road, but the court failed to apply these principles of law to the evi-
dence in that it did not give any guidance to the jury as to what
facts, if found by them to be true, would justify answering the issues
submitted in the affirmative or the negative.

APPEAL by plaintiff from *Martin (Perry), Judge.* Judgment
entered 30 September 1974 in Superior Court, CRAVEN County.
Heard in the Court of Appeals 16 April 1975.

This is a civil action wherein the plaintiff, Christine F.
Jones, Administratrix of the estate of Julian Van Jones, seeks
damages for the alleged wrongful death of her nine-year-old
son as a result of his having been struck by an automobile op-

1

erated by the defendant, Annie Cooper Bess, and owned by her husband, defendant Robert Ices Bess.

In her complaint, plaintiff alleged that her son came to his death as a proximate result of the negligence of the defendants in the operation of their motor vehicle in the following respects:

A. The said defendants were operating said automobile too fast for existing conditions on said highway.

B. The defendants failed to maintain a proper lookout.

C. The defendants failed to operate said automobile at such a speed and in such a manner as to maintain complete control over the operation of said motor vehicle.

D. That the defendants saw plaintiff's intestate riding in a direction of said highway on his bicycle, on a driveway, for a distance of several hundred feet, or by the exercise of reasonable diligence should have seen said child riding said bicycle on said highway on said driveway going in a direction of the said highway, and seeing that plaintiff's intestate was oblivious to her approach, she failed to slacken her speed or to apply brakes, and failed to blow her horn and to give soundly and timely warning of her approach, which she was duty bound to do.

E. That the defendants seeing plaintiff's intestate riding his bicycle, he being a 9 year old boy, along a driveway toward said highway over a distance of several hundred yards, should have slowed the automobile, should have given timely warning with their horn, and should have anticipated that he might ride out into the highway, so said defendants should have slowed the automobile down and even stopped to avoid hitting plaintiff's intestate; but to the contrary, they continued to operate said automobile at the same speed, failed to slacken said speed, failed to apply brakes before striking plaintiff's intestate and failed to blow their horn, and in fact continued on down said highway a distance of 75 feet after striking said child before stopping.

F. The defendants failed to exercise due care in the operation of said motor vehicle.

The defendants filed answer denying negligence and pleaded contributory negligence of plaintiff's intestate in bar of her claim.

At trial, plaintiff's evidence tended to show the following: On 29 June 1970 plaintiff's intestate, Julian Van Jones, and his seven-year-old brother, Michael Jones, visited a neighbor, James Wesley White, on Butler Ford Road in Vanceboro, N. C. White's home was located on a small hill on the east side of Butler Ford Road, which runs in a general north-south direction. Butler Ford Road has an S-curve that breaks into a straightaway approximately 100 yards south of the White's residence. The road remains straight from this point to the plaintiff's residence, which is located on Butler Ford Road approximately an eighth mile north of the White's home. The road is two-lane and has a speed limit of 55 mph.

At about 8:20 p.m. Daylight Savings Time, Julian and his younger brother started home on their bicycles. The day had been clear and there was still sunlight. They coasted down the White's driveway toward Butler Ford Road. The driveway follows the slant of the hill to the road below and cuts into the hill near the highway. Approximately twelve to fifteen feet of the driveway is visible, however, from the road at a point approximately 350 feet south of the driveway. As Michael and Julian coasted down the driveway, the chain came off of Michael's bicycle, and he stopped to fix it. Julian continued down the drive onto the paved portion of the road. The front wheel of Julian's bicycle was on the road and the rear wheel on the driveway when Julian was struck by the defendants' automobile, which was traveling north on Butler Ford Road. Mrs. Bess was going 45 or 50 mph and only swerved about half a foot immediately prior to impact. Mrs. Bess did not sound her horn and did not apply her brakes before hitting the child. There were no other automobiles on the road at the time of the accident.

The plaintiff testified that in August of 1970 Mrs. Bess told her that she had seen the two boys riding down the driveway and thought that Julian would stop before entering the road. When the plaintiff asked Mrs. Bess why she did not sound her horn or try to go around the boy, Mrs. Bess responded, "I just don't know. I guess I just panicked."

The defendants offered evidence tending to show that Mrs. Bess was traveling 35 or 40 mph; that after she rounded the curve south of the White's residence she kept her eyes on the road; that she did not see Michael stop in order to fix his bicycle; that she did not see plaintiff's intestate on the bicycle

until he entered the road; and that rather than her hitting the boy, the child rode his bicycle into her car. Mrs. Bess further denied telling the plaintiff anything different with respect to how the accident occurred and, in fact, stated that when she told the plaintiff that she could not avoid the child, the plaintiff had agreed with her.

Issues of negligence, contributory negligence, and damages were submitted to the jury; and the jury found that the death of plaintiff's intestate was not proximately caused by the negligence of the defendant, Annie Cooper Bess. From judgment entered on the verdict, plaintiff appealed.

*Charles William Kafer for plaintiff appellant.*

*Ward, Tucker, Ward & Smith, P.A. by Michael P. Flanagan for defendant appellees.*

HEDRICK, Judge.

The one question for resolution on this appeal is whether the trial judge sufficiently and correctly declared and explained the law arising on the evidence in the case as he is required to do pursuant to G.S. 1A-1, Rule 51. In declaring and explaining the law arising on the evidence in the case "[t]he judge shall not be required to state such evidence except to the extent necessary to explain the application of the law thereto . . . . " G.S. 1A-1, Rule 51(a), Rules of Civil Procedure. A statement of the contentions of the parties together with a bare declaration of the law in general terms is not sufficient. *Brady v. Smith,* 18 N.C. App. 293, 196 S.E. 2d 580 (1973). "[T]he jury must be given guidance as to what facts, if found by them to be true, would justify them in answering the issues submitted to them in the affirmative or the negative. *Credit Co. v. Brown,* 10 N.C. App. 382, 178 S.E. 2d 649." *Broadnax v. Deloatch,* 20 N.C. App. 430, 201 S.E. 2d 525 (1974). See also, *Smith v. Kappas,* 219 N.C. 850, 15 S.E. 2d 375 (1941).

In the instant case, the trial judge summarized the evidence presented, sufficiently and correctly defined negligence and proximate cause, and explained to the jury that the operator of a motor vehicle has the duty to maintain a reasonable lookout, the duty to maintain proper control of the vehicle, and the duty to sound the horn when attempting to pass another vehicle traveling in the same direction. The court also explained to the jury

the duty of care imposed on an operator of a motor vehicle when he sees or by the exercise of ordinary care should see children on or near the highway. The court then explained to the jury that failure of the defendant to abide by the above rules of the road would amount to negligence and that failure to sound her horn when passing a bicycle would constitute one circumstance. to be considered in determining the defendant's negligence.

In our opinion, however, the trial court failed to properly apply these principles of law to the evidence arising in the case in that it did not give any guidance to the jury as "to what facts, if found by them to be true, would justify them in answering the issues submitted to them in the affirmative or the negative". *Broadnax v. Deloatch, supra.* Nowhere in the charge did the court bring into view for the benefit of the jury the relationship between the evidence adduced at the trial and the issues involved. *Bulluck v. Long,* 256 N.C. 577, 124 S.E. 2d 716 (1962) ; *Therrell v. Freeman,* 256 N.C. 552, 124 S.E. 2d 522 (1962). For example, nowhere in his charge did the judge explain to the jury that if they found from the evidence and by its greater weight that the defendant violated any of the rules of the road applicable in this case and that if such violation or any of them was one of the proximate causes of the injury and death of plaintiff's intestate that it would be their duty to answer the first issue (the issue of defendants' negligence) in the affirmative or if they failed to so find that they would answer such issue in the negative.

The failure of the trial judge to sufficiently comply with the mandate of Rule 51(a) in this case is demonstrated by the fact that the jury returned to the courtroom and requested the judge to clarify what constituted negligence on the part of the "driver in this particular situation". Thereafter, the trial judge repeated substantially the instructions earlier given without additions or corrections so as to give the guidance requested by the jury or required by the rule.

For error in the charge, there must be a

New trial.

Judges BRITT and MARTIN concur.