SYLVIA DIANNE WILLIAMS AUMAN v. KENZIE PARKS EASTER AND JOSEPH FRAZIER HOWELL

No. 7719SC497

(Filed 6 June 1978)

1. **Automobiles §§ 46, 87.4— opinion evidence of speed — exclusion harmless error**

In an action to recover for personal injuries sustained by plaintiff when she was a passenger in defendant Howell's car which was struck by defendant Easter's car when Howell turned in front of Easter, the trial court's error in refusing to allow plaintiff to state her opinion concerning the speed of Easter's car was not prejudicial since such evidence would not have established Easter's negligence, and Easter's negligence, if any, was insulated by the negligence of Howell.

2. **Automobiles § 43.5; Rules of Civil Procedure § 15.2— amendment of pleading to conform to evidence**

In an action to recover for personal injuries sustained by plaintiff in an automobile accident, the trial court did not err in allowing one defendant to amend his answer to allege plaintiff's contributory negligence in riding with an intoxicated driver, where plaintiff could not have been surprised at trial since another defendant had pleaded the same defense and proof had been properly admitted at trial pertaining to the defense.

3. **Automobiles § 91.5— damages—sufficiency of instructions—failure to request instructions**

In an action to recover for injuries sustained in an automobile accident where the court correctly instructed the jury that the amount of damages should be fixed without regard to punishing either party and without consideration of sympathy for either party, it was the responsibility of plaintiff to request special instructions if she felt that the court did not clearly instruct the jury that it should not reduce the amount of her recovery simply because she had been accused of contributory negligence in riding with a driver who had been drinking.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 26 January 1977 in Superior Court, RANDOLPH County. Heard in the Court of Appeals 9 March 1978.

Plaintiff seeks to recover damages for injuries she sustained in an automobile accident on 20 December 1973. Plaintiff was a passenger in an automobile driven by defendant Howell. Evidence showed that the collision occurred as Howell attempted to make a left turn from the eastbound lane of U.S. 64, a four-lane highway, onto N.C. 42, an intersecting two-lane road. Defendant Easter was traveling west on Highway 64 in the outside lane. The accident occurred near the northern curb line of highway 64. The front of the Easter car struck the passenger door of the Howell car.

Plaintiff alleges that her injuries were caused by the concurrent negligence of defendants, contending that Howell made an unsafe turn in front of oncoming traffic and that Easter drove at an unsafe speed and failed to keep a proper lookout. Each defendant denied his own negligence. Easter further alleged that plaintiff was contributorily negligent in that she voluntarily rode as a passenger with Howell, knowing that he was intoxicated. Howell was allowed to amend his answer at the close of the evidence so as to include the same allegation.

Evidence was offered tending to show the circumstances of the accident and the extent of plaintiff's injuries. Plaintiff

testified that she saw the headlights of Easter's car about one hundred sixty-five feet ahead as Howell began his turn. She also testified on *voir dire* that Easter was traveling at 65 m.p.h., however, this evidence was ruled inadmissible on the ground that she did not have time to form any opinion of Easter's speed in the few seconds she had to observe his car before the impact. Other witnesses testified that defendant Howell had only about four hours of sleep that day, that he smelled of alcohol, but that he was not intoxicated.

Defendant Easter testified that he first saw Howell's car when he was about three hundred feet from the intersection, that when he was about fifty feet away the car pulled in front of him, and that although he tried to turn to avoid collision, he was unable to do so in time. Defendant Howell testified that he first saw the Easter car seconds before the impact and after plaintiff had called to him. He had pleaded guilty to a safe movement traffic law violation.

Plaintiff showed further that her pelvis and leg were broken in the collision. She spent several months in a full body cast which was so heavy and cumbersome that she required nursing home care. There was evidence of considerable pain and suffering as well as of permanent shortening of the broken leg so that she is required to wear a built up shoe.

At the close of the evidence, verdict was directed for defendant Easter. The jury considered the issues of Howell's negligence, plaintiff's contributory negligence, and damages. They found that defendant Howell was negligent, that plaintiff was not contributorily negligent, and that she should recover $8,000 in damages. Judgment was entered on the verdict and plaintiff's motion to set aside the verdict was denied.

*Ottway Burton, for plaintiff appellant.*

*Brinkley, Walser, McGirt & Miller, by Walter F. Brinkley, for defendant appellee, Kenzie Parks Easter; Smith, Moore, Smith, Schell & Hunter, by Stephen Millikin, for defendant appellee, Joseph Frazier Howell.*

VAUGHN, Judge.

[1] Plaintiff presents several assignments of error pertaining to her case against defendant Easter, contending that the court erred in directing a verdict in his favor. The directed verdict was appropriate only if the evidence, considered in the light most favorable to the plaintiff, would not justify a verdict in her favor. *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971). Plaintiff was not allowed to testify that in her opinion defendant Easter approached the intersection at 65 m.p.h. although she alleged that he was negligent in driving at an excessive speed. Plaintiff should have been allowed to state her opinion. *Miller v. Kennedy*, 22 N.C. App. 163, 205 S.E. 2d 741 (1974), *cert. den.*, 285 N.C. 661, 207 S.E. 2d 755; *Herring v. Scott*, 21 N.C. App. 78, 203 S.E. 2d 341 (1974). That she had very little time to observe the oncoming car and form her opinion affects only the weight of her testimony, not its admissibility. Nevertheless, the plaintiff has not shown prejudicial error. Even had her evidence concerning Easter's speed been admitted, it did not show actionable negligence on his part. In *Hout v. Harvell*, 270 N.C. 274, 154 S.E. 2d 41 (1967), the Court held on similar facts that where there is no fact or circumstance alleged which would have given the oncoming driver timely notice that the driver of the car in which plaintiff was a passenger intended to make an unsafe turn in front of him, then the oncoming driver's speed, even if negligent, is not shown to have been a proximate cause of plaintiff's injuries. There is no evidence in this case from which a jury could have found that Howell began his turn at a time so as to make Easter's speed a proximate cause of the accident. Plaintiff testified that when she first saw the Easter vehicle coming toward her, the Easter vehicle was about one hundred and sixty-five feet away and traveling on a major highway. She also testified that to the best of her recollection, she saw the headlights before Howell began to make his turn. Easter testified that he first saw Howell when he was 300 feet away and that Howell appeared to be moving slowly into the intersection. When Easter was about 50 feet from the intersection, Howell suddenly pulled into his lane of traffic. Where the intervening negligent act was not such that it ought to have been foreseen by Easter, that act properly insulated him from liability. But for Howell's intervention, the speed of Easter's vehicle, even if excessive, would have resulted in no injury to the plaintiff. Easter's negligence, if any, was insulated by the negligence of Howell. *See Hudson v.*

*Petroleum Transit Co.*, 250 N.C. 435, 108 S.E. 2d 900 (1959); *Butner v. Spease*, 217 N.C. 82, 6 S.E. 2d 808 (1940).

[2]　Another assignment of error relates to the amendment of defendant Howell's answer so as to conform to the evidence. G.S. 1A-1, Rule 15(b). The trial judge is allowed broad discretion in ruling on such motions. *Markham v. Johnson*, 15 N.C. App. 139, 189 S.E. 2d 588 (1972), *cert. den.*, 281 N.C. 758, 191 S.E. 2d 356. Leave to amend should be freely given except where the party objecting can show that he would be materially prejudiced. *Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977). In this case defendant Howell was allowed to add an allegation concerning plaintiff's contributory negligence in riding in the car with an intoxicated driver. There was no error in allowing the amendment. Plaintiff could not have been surprised at trial. Defendant Easter had pleaded the same defense, and proof had been properly admitted at trial pertaining to the defense.

[3]　Another assignment of error relates to the court's instructions on the issue of damages. Plaintiff contends that the court did not clearly instruct the jury that it should not reduce the amount of her recovery simply because she had been accused of contributory negligence in riding with a driver who had been drinking. The court correctly instructed the jury that the amount of damages should be fixed without regard to punishing either party and without consideration of sympathy for either party. "When the court has sufficiently instructed the jury, if the instructions are not as full as a party desires, he should submit a request for special instructions." *Broadnax v. Deloatch*, 20 N.C. App. 430, 201 S.E. 2d 525 (1974), *cert. den.*, 285 N.C. 85, 203 S.E. 2d 57. The record does not show that any request was made.

We have considered plaintiff's other assignments of error. No prejudicial error has been shown.

No error.

Judges PARKER and WEBB concur.