WILLIAM D. GOODRICH AND WIFE, BRENDA GOODRICH AND SHIRLEY R. MORTER v. WARREN RICE AND RICE EXCAVATING, INC.

No. 8415DC1059

(Filed 2 July 1985)

**1. Rules of Civil Procedure § 15.1— motion to amend complaint allowed—no error**

In an action in which plaintiffs sought damages for defendant's failure to construct a pond upon the land of Shirley Morter pursuant to an oral contract, the trial court did not err in granting plaintiffs' motion to amend their complaint to add Shirley Morter as an additional plaintiff and to allege that defendant was conducting business individually under the name Rice Excavating, Inc. Neither amendment brought out new material, changed the theory of the case, or in any way could have surprised defendant. G.S. 1A-1, Rules 15(a) and (b).

**2. Contracts § 21.2— breach of contract to build pond—evidence sufficient to support findings**

In an action for breach of contract, there was evidence to support the trial court's findings and its award of damages for breach of a contract to construct a two acre pond. Plaintiff William Goodrich testified that he met defendant at the site and discussed a two acre pond, plaintiff Brenda Goodrich testified that defendant spoke with her after his examination of the site and told her the pond would be two acres in size, and defendant testified that he recalled a telephone conversation with Brenda Goodrich during which he told her he would construct a two acre pond. While there was evidence of a later agreement for a 1.2 acre pond, the evidence was void of any consideration to support a modification of the original agreement.

**3. Rules of Civil Procedure § 41— breach of contract to build pond—denial of motion for involuntary dismissal proper**

The trial court properly denied defendant's motion for a directed verdict, reviewed as a motion for involuntary dismissal because it was a non-jury trial, where the evidence sufficiently supported the determination by the trial court that the contractual agreement required the construction of a two acre pond and that the agreement had been breached. G.S. 1A-1, Rules 41(b) and 50(a).

**4. Unfair Competition § 1— advance payment for pond construction—no further work—not an unfair trade practice**

The trial court erred by finding that defendant's conduct constituted an unfair and deceptive trade practice and by awarding plaintiff attorneys' fees where the parties had agreed that defendant would receive no funds until the pond which defendant was to construct was complete, unless defendant experienced cash flow problems, in which case he would ask for an advance for work already performed; after excavating the pond site, defendant advised plaintiffs that he needed $2,000 to complete repairs on equipment and that as soon as the repairs were complete he would resume construction on the pond; plaintiffs advanced defendant $2,000 which defendant testified was for work already done; no additional work was done; and the trial court found that

defendant believed he was entitled to the $2,000 in return for services that he had already performed. G.S. 75-1.1.

5. **Quasi Contracts § 2— breach of express contract—no conformity of pleadings and proof—no recovery for work done**

Defendant could not recover in *quantum meruit* in an action for breach of express contract to construct a pond where defendant failed to file an answer. There must be conformity between the pleadings and proof in contract actions.

6. **Rules of Civil Procedure § 17— breach of contract to build pond—landowner real party in interest**

In a contract action alleging breach of contract to build a pond, the trial court erred by awarding all of the damages to plaintiffs where the record clearly established that plaintiffs were acting as agents for the landowner and that the money advanced to defendant was the landowner's; the real party in interest was the landowner. G.S. 1A-1, Rule 17(a).

APPEAL by defendant from *Hunt, Judge.* Judgment entered 31 May 1984 in District Court, ORANGE County. Heard in the Court of Appeals 9 May 1985.

In this civil action, as originally filed, plaintiffs William Goodrich and his wife sought damages for defendants' failure to construct a pond upon the land of one Shirley Morter pursuant to the terms of an oral contract. Plaintiffs also sought the return of $2,000.00 which plaintiffs contend had been advanced to defendants. No responsive pleadings were filed on defendants' behalf, and an entry of default was entered against them. Defendants' motion to set aside the entry of default and motion to dismiss were denied. Upon hearing on the default judgment, plaintiffs' motion to amend their complaint to add Shirley Morter as an additional party plaintiff and to allege that defendant Warren Rice was conducting business in an individual capacity using the name of Rice Excavating, Inc., was granted.

The evidence presented during the hearing was for the most part uncontradicted and tended to show the following: Plaintiff Shirley Morter owns certain real property in Chatham County. On her behalf, plaintiffs William and Brenda Goodrich contracted with defendant Rice for the construction of a pond on Shirley Morter's land. The parties initially agreed on the construction of a two acre pond for the price of $11,950.00 if the proceeds resulting from the sale of timber on the property which would be cut for construction purposes were retained by plaintiffs. If the proceeds from the sale of timber were retained by defendant, the

price would be $11,500.00. The parties then agreed that defendant would deliver to the plaintiffs five cords of hardwood, defendant would retain the proceeds from the timber sale, and the pond would be constructed for $11,500.00.

Defendant performed excavation services at the pond site and disposed of some of the debris and stumps. He then advised the plaintiffs that the pond would contain only .7 acres but that the price would remain the same. When plaintiffs expressed their dissatisfaction, defendant told them he would increase the size of the pond to 1.2 acres; plaintiffs agreed to a pond size of not less than 1.2 acres. Defendant was to receive no funds until the job was completed, unless he experienced cash flow problems, in which case he could ask for an advance of funds. Several weeks later defendant advised plaintiffs that certain equipment required repair and he needed a $2,000.00 payment in order to resume construction, although defendant testified that the advance of funds was needed to cover expenses which he had already incurred in construction. Plaintiffs paid defendant the sum of $2,000.00. Thereafter, defendant failed to perform any services at the job site despite repeated requests from plaintiffs to do so. Plaintiffs obtained an estimate from another company which agreed to construct a two acre pond according to the same terms and specifications as were discussed with defendant for $15,750.00.

From the foregoing evidence, the trial judge made findings of fact, upon which she concluded as a matter of law that defendant was in breach of contract and acted in violation of G.S. 75-1.1 in obtaining the $2,000.00 payment from the plaintiffs. Based upon these conclusions the trial court ordered:

1. That the Plaintiffs have and recover of the Defendant Rice the sum of $10,925.00 as damages in this action, consisting of:

a. $4,250.00 for the additional costs to the Plaintiffs to secure the services originally contracted by the Defendant;

b. $6,000.00 for the restitution of the $2,000.00 paid by the Plaintiff to the Defendant, the aforesaid damages being trebled according to law;

c. $450.00 for the value of the timber cut from the property;

d. $225.00 for the value of the hardwood which the Defendant failed to deliver to the Plaintiffs;

2. That the costs of this action, including reasonable attorneys' fees pursuant to the provisions of N. C. Gen. Stat. § 75-1.1, *et seq.*, be taxed to the Defendant with the attorneys' fees in this action to be taxed based upon an Affidavit to be submitted by counsel for the Plaintiffs herein and at such hearings as the Court deems appropriate based upon the Affidavit.

From this order defendant appealed.

*Winston, Blue & Rooks, by J. William Blue, Jr., for plaintiff appellees.*

*Levine, Stewart & Tolton, by Michael D. Levine, for defendant appellant.*

MARTIN, Judge.

Defendant's assignments of error relate to the granting of plaintiffs' motion to amend the complaint, sufficiency of the evidence to support the findings, the denial of his motion for directed verdict, and the award of damages, including treble damages and attorneys' fees. We reverse the award of treble damages and attorneys' fees as being unsupported by the evidence and remand the cause for entry of judgment entitling the real party in interest to receive the fruits of the litigation.

[1] Defendant, in his first two assignments of error, contends the trial court erred in granting plaintiffs' motion to amend the complaint. Defendant asserts that the amended complaint contained new substantive allegations from those originally contained in the complaint, and, therefore, the granting of plaintiffs' motion prejudiced him by forcing him to defend against allegations for which he was not prepared.

We find no merit in these assignments. It is a fundamental concept of Rules 15(a) and (b) of the North Carolina Rules of Civil Procedure that amendments to pleadings should be liberally allowed. Discretion in allowing amendment of pleadings is vested in the trial judge and his ruling will not be disturbed on appeal absent a showing of prejudice to the opposing party. *See Auman v.*

*Easter*, 36 N.C. App. 551, 244 S.E. 2d 728, *disc. rev. denied*, 295 N.C. 548, 248 S.E. 2d 725 (1978). Defendant has failed to demonstrate prejudice from the amended pleading. The amendments added an additional plaintiff, Shirley Morter, and inserted additional language that defendant was conducting business individually under the name of "Rice Excavating, Inc." Neither of the amendments brought out any new material, changed the theory of the case, or in any way could have surprised defendant. Defendant in his own testimony acknowledged that plaintiffs had disclosed to him that the property belonged to Shirley Morter and the pond was being constructed for her; that no corporation existed in Orange County under the name of "Rice Excavating, Inc."; and that "Rice Excavating was the name that was given to . . . [defendant] . . . to do business under." Defendant was named as an individual defendant. Defendant showed no prejudice as a result of the amendments allowed.

[2]  Defendant, in his next two assignments of error, contends the trial court erred in finding and basing its award of damages on a breach of contract for a two acre pond. Defendant asserts that the ultimate agreement between the parties was for the construction of a 1.2 acre pond. We find the evidence sufficient to support the trial court's findings. Plaintiff William Goodrich testified that he met defendant at the pond site, that they discussed the construction of a two acre pond, and that defendant assured him a two acre pond would be built. Plaintiff Brenda Goodrich testified that defendant spoke with her after his examination of the pond site and told her the pond would be two acres in size with a depth of fifteen feet, and that the price would include the dam, shorelines, banks and overflow pipe. Defendant testified that he recalled a telephone conversation with plaintiff Brenda Goodrich during which he told her he would construct a two acre pond and advised her of various technical aspects concerning the construction of the pond. While there was evidence of a later agreement for a 1.2 acre pond in lieu of a two acre pond, the evidence was void of any consideration to support a modification of the original agreement. Findings of fact made by the trial court in a non-jury trial have the force and effect of a jury verdict and are conclusive on appeal if there is evidence to support them, even though evidence might have supported findings to the con-

trary. *Henderson County v. Osteen*, 297 N.C. 113, 254 S.E. 2d 160 (1979).

[3] Defendant next assigns error to the denial of his motion for a directed verdict under Rule 50(a) of the North Carolina Rules of Civil Procedure. A Rule 50(a) motion for directed verdict is appropriate only to a case tried before a jury. In non-jury trials, a motion for involuntary dismissal under Rule 41(b) provides a procedure whereby, at the close of plaintiff's evidence, the judge can give judgment against the plaintiff, not only because his proof has failed to make out a case, but also on the basis of facts as the judge may determine them. *O'Grady v. Bank*, 296 N.C. 212, 250 S.E. 2d 587 (1978). Treating defendant's motion as one made under Rule 41(b), we find that it was properly denied. The evidence sufficiently supported the determination by the trial court that the contractual agreement between the parties required the construction of a two acre pond and that such agreement had been breached. This assignment of error is overruled.

[4] Defendant next contends the trial court erred in its finding that his conduct constituted a violation of G.S. 75-1.1 and in awarding attorneys' fees under G.S. 75-16.1. The trial court determined "[t]hat the acts of the Defendant Rice in obtaining the $2,000 payment from the Plaintiffs in July of 1983 were a violation of N.C. Gen. Stat. § 75-1.1, *et seq.*," and, therefore, as part of the award of damages, the trial court trebled $2,000.00 and ordered "[t]hat as a part of the cost to be taxed to the Judgment in this action, the Defendant shall be taxed with reasonable attorneys' fees payable to counsel of the Plaintiffs. . . ."

The existence of unfair acts and practices under G.S. 75-1.1 must be determined from the circumstances of each case. *Hardy v. Toler*, 288 N.C. 303, 218 S.E. 2d 342 (1975). Under the circumstances of this case, the parties agreed that defendant would receive no funds until the job was complete, unless defendant experienced cash flow problems, in which case he would ask for an advance for work already performed. Plaintiffs produced evidence that after excavating the pond site defendant advised them that he needed $2,000.00 to complete repairs on equipment and that as soon as the repairs were complete he would resume construction on the pond. Based upon these representations, plaintiffs advanced to defendant the sum of $2,000.00. Defendant testified that

the payment was for work already performed on the project. No additional work was performed at the job site after the payment was received.

We hold that G.S. 75-1.1 is inapplicable to the facts of the case before us. We cannot say that the evidence of defendant's receipt of the payment violates the parties' agreement, or that its receipt offends "established public policy," or constitutes a practice which is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Johnson v. Insurance Co.,* 300 N.C. 247, 263, 266 S.E. 2d 610, 621 (1980). The trial court found that defendant "believed that he was entitled to the $2,000.00 in return for services that he had already performed." The record is devoid of evidence to the contrary, and the trial court erred in awarding treble damages and attorneys' fees to plaintiffs.

[5]  Defendant next assigns error to the trial court's exclusion of evidence concerning expenses incurred on the project and the monetary value of the services he had performed. Defendant contends he is entitled to recover for the reasonable value of his performance under *quantum meruit.* This assignment of error is without merit. In contract actions there must be a conformity between the pleadings and proof. In the case under review, an action brought on an express contract, defendant failed to file an answer and therefore cannot recover on a theory of *quantum meruit. See generally* 17A C.J.S. *Contracts* §§ 568-69.

[6]  Defendant finally contends the trial court erred in awarding the entire amount of damages to plaintiffs William and Brenda Goodrich. Defendant argues that since the record indicates that these plaintiffs were acting as agents for plaintiff Morter, the judgment in their favor is defective. We agree.

Every claim must be prosecuted in the name of the real party in interest. G.S. 1A-1, Rule 17(a). "A real party in interest is a party who is benefited or injured by the judgment in the case." *Parnell v. Insurance Co.,* 263 N.C. 445, 448, 139 S.E. 2d 723, 726 (1964), *quoting Rental Co. v. Justice,* 211 N.C. 54, 55, 188 S.E. 609, 610 (1936). The mere appointment of an agent does not make him the real party in interest. *Morton v. Thornton,* 259 N.C. 697, 131 S.E. 2d 378 (1963). "[I]t has been consistently held that an agent for another could not maintain an action in his name for the bene-

Goodrich v. Rice

fit of his principal." *Howard v. Boyce*, 266 N.C. 572, 577, 146 S.E. 2d 828, 831 (1966).

The evidence clearly establishes an agency relationship as it discloses the plaintiffs William and Brenda Goodrich were negotiating the pond's construction on behalf of plaintiff Shirley Morter. Plaintiff William Goodrich testified, "As for the $2,000 we loaned Mr. Rice, that was my sister-in-law's [plaintiff Morter's] money. I had no money involved in this matter. . . ." The court correctly found "[t]hat the Plaintiff Shirley Morter is the owner of certain real property . . . and that the Plaintiffs Goodrich, on behalf of the Plaintiff Morter, contracted with the Defendant Rice for the construction of a pond on the land owned by the Plaintiff Morter." The real party in interest in the case *sub judice* is plaintiff Shirley Morter. Therefore, she is the one who is entitled to receive the fruits of the litigation. *See Hood v. Mitchell*, 206 N.C. 156, 173 S.E. 61 (1934); *see also Raintree Corp. v. Rowe*, 38 N.C. App. 664, 248 S.E. 2d 904 (1978).

In conclusion, we hold that the trial court erred in trebling damages under G.S. 75-1.1, in awarding attorneys' fees to plaintiffs, and in awarding damages to parties other than the real party in interest. Those portions of the judgment are therefore vacated. Otherwise, the judgment in favor of Shirley Morter is affirmed and the cause is remanded for entry of judgment in favor of Shirley Morter in the amount of $6,925.00.

Affirmed in part; vacated in part.

Judges ARNOLD and PARKER concur.