Ellis v. Rouse

ROSE B. ELLIS v. MILDRED T. ROUSE

No. 8711SC134

(Filed 7 July 1987)

**Evidence § 50— injury to nerve—testimony by chiropractor improperly excluded**

In an action to recover for personal injuries sustained in an automobile accident, the trial court erred in excluding testimony by a chiropractor concerning nerve strain or sprain, since such injury and treatment were within the field of chiropractic as defined by N.C.G.S. § 90-157.2, but the court did not err in excluding evidence as to the strain or sprain of a muscle.

APPEAL by plaintiff from *Barnette, Judge.* Judgment entered 31 October 1986. Heard in the Court of Appeals 10 June 1987.

On 19 December 1983, plaintiff was injured when her automobile was struck from behind by defendant's automobile. Plaintiff alleged negligence on the part of defendant and sought damages in the amount of $50,000. Defendant admitted liability and a jury trial was had as to the issue of damages.

During the trial, plaintiff introduced opinion testimony from Dr. Edward E. Flaherty, a chiropractor. Dr. Flaherty testified that when plaintiff came to him in July of 1985, he diagnosed plaintiff as suffering from "cervical strain or sprain of the cervical-brachial or cervical plexus, with paresthesia." The trial court, however, excluded the following testimony by Dr. Flaherty relating to the causation of pain and injury, the permanency of the pain, and the permanent impairment resulting from the pain and injury.

Q. Dr. Flaherty, sir, do you have an opinion as to what caused the pain in Rose Ellis's neck, left shoulder and left arm?

A. Yes, I do.

Q. What is that opinion, sir?

A. It's my opinion that this came from the accident that she sustained on December 19, 1983.

Q. And that would be the automobile accident, sir?

A. The automobile accident.

Q. And do you have an opinion as to whether or not Rose Ellis will have pain in her neck for the rest of her life?

A. Yes, I do.

Q. What is that opinion?

A. That she will have a pain for the rest of her life.

Q. And do you have an opinion, Dr. Flaherty, as to whether or not Rose Ellis has sustained any permanent impairment as a result of the pain according to the guidelines of the American Medical Association?

A. Yes, I do.

Q. What is that opinion, sir?

A. On the value of pain, that she would be given approximately a five percent permanent impairment.

The jury awarded plaintiff $2,000 in damages. From this judgment, plaintiff appeals.

*Ronald T. Penny for plaintiff appellant.*

*Pope, Tilghman and Tart, by Johnson Tilghman, for defendant appellee.*

ARNOLD, Judge.

Plaintiff contends that the trial court erred in excluding Dr. Flaherty's opinion testimony because the testimony fell within the statutory limitations governing expert testimony by chiropractors.

G.S. 90-157.2 states:

A Doctor of Chiropractic, for all legal purposes, shall be considered an expert in his field and, when properly qualified, may testify in a court of law as to etiology, diagnosis, prognosis, and disability, including anatomical, neurological, physiological, and pathological considerations *within the scope of chiropractic*. (Emphasis added.)

Chiropractic is defined by G.S. 90-143 as

the science of adjusting the cause of disease by realigning the spine, releasing pressure on nerves radiating from the

spine to all parts of the body, and allowing the nerves to carry their full quota of health current (nerve energy) from the brain to all parts of the body.

In the case *sub judice*, Dr. Flaherty's testimony included opinions on both the strain or sprain of certain muscles and the strain or sprain of certain nerves. The evidence offered concerning permanency of pain and impairment, however, made no distinction between muscles or nerves. This distinction is important. The testimony as to the strain or sprain of a muscle was properly excluded because such injury and treatment is beyond the field of chiropractic as defined by statute. On the other hand, the trial court erred in excluding the testimony concerning the nerve strain or sprain because such injury and treatment is within the field of chiropractic as defined by statute. G.S. 90-143. Therefore, the trial court incorrectly excluded the testimony as to the permanency of pain and impairment due to nerve damage.

New trial.

Judges JOHNSON and PARKER concur.