VANCE TRUCKING COMPANY, INC. AND MYRTLE N. WALKER, ADMINISTRATRIX OF THE ESTATE OF HORACE HOBART WALKER v. ALLEN ROSS PHILLIPS, ED KEMP ASSOCIATES, INC. AND CHARLES JENNINGS GEORGE, JR.

No. 8014SC693

(Filed 3 March 1981)

1. **Automobiles § 50– cars changing lanes on interstate – sufficiency of evidence of negligence**

    In an action to recover for property damage and wrongful death arising from a collision involving two cars driven by defendants and a tractor trailer driven by plaintiff's intestate, evidence was sufficient to raise issues of fact as to whether plaintiff's intestate's injuries were proximately caused by defendants' negligence and whether plaintiff's intestate was contributorily negligent where the evidence tended to show that both defendants had consumed beer prior to the time of the accident giving rise to this action; an automobile driven by one defendant entered I-85 from an access ramp, pulled into the lane behind the other defendant, passed the other defendant, and in doing so tapped the left rear bumper of the other defendant; the defendant who had entered from the access ramp slowed down, abruptly moved across the lane in front of the second defendant, and once again entered the access lane; the second defendant moved his automobile into the access lane behind the first defendant without looking behind him or giving a turn signal; both vehicles began to brake hard; plaintiff's intestate's truck came into contact with the second defendant's car and jackknifed, blocking the highway; and plaintiff's intestate was pinned inside the cab and later died from injuries received in the collision.

2. **Automobiles § 45.6– breathalyzer tests – admissibility of results in wrongful death action**

    In an action to recover for property damage and wrongful death arising from a collision involving two cars driven by defendants and a tractor trailer driven by plaintiff's intestate, the trial court erred in excluding testimony concerning breathalyzer tests administered to defendants three or four hours after the fatal collision, since both defendants testified that they had drunk beer before the accident; the investigating officer testified that, while at the scene of the accident, he formed the opinion that both defendants were intoxicated; and the excluded testimony was nothing more than additional evidence from which the jury could have found that defendants were intoxicated and unable to exercise due care in the operation of their cars.

3. **Automobiles § 47– condition of highway after accident – evidence improperly excluded**

    In an action to recover for property damages and wrongful death arising from an automobile accident, the trial court erred in excluding the investigating patrolman's testimony concerning a gouge mark in the road surface and testimony by an engineer concerning the presence and location of marks near the accident scene which he personally observed, since any lack of

credibility, given the number of possible marks and the possibility that additional marks were made since the accident, was a matter for the jury.

**4. Rules of Civil Procedure § 15.2– amendment of complaint improperly denied**

The trial court erred in refusing to allow plaintiffs to amend their pleadings so as to place them in conformity with the evidence where the proposed paragraphs did nothing more than make more specific certain allegations contained in the original complaint; the testimony the amendments were based on was unobjected to at trial; and the contention that the evidence was known to plaintiffs at the time they drew up their complaint and thus was no surprise to them was irrelevant, as defendants failed to show how the amendments would prejudice them in maintaining their defense.

APPEAL by plaintiffs from *Godwin, Judge.* Judgment entered 23 January 1980 in Superior Court, DURHAM County. Heard in the Court of Appeals 5 February 1981.

These are consolidated actions for property damage and wrongful death arising from a collision involving two cars and a tractor trailer driven by plaintiff Walker's intestate. The issues of liability and damages were bifurcated, and the liability issue heard first. At the close of plaintiffs' evidence, the trial court granted defendants' motions for a directed verdict. From the court's action, plaintiffs have appealed.

*Biggs, Meadows, Batts, Etheridge & Winberry, by M. Alexander Biggs and Auley M. Crouch III, for plaintiff appellants.*

*Smith, Moore, Smith, Schell & Hunter, by Bynum M. Hunter, Frank J. Sizemore III and Alan W. Duncan, for defendant appellees Allen Ross Phillips and Ed Kemp Associates, Inc.*

*Haywood, Denny & Miller, by George W. Miller Jr., for defendant appellee Charles Jennings George Jr.*

HILL, Judge.

"A motion for a directed verdict raises the question as to whether there is sufficient evidence to go to the jury." Shuford, N.C. Civil Practice and Procedure § 50-5, p. 410. "The plaintiff's evidence must be taken as true and be considered in the light most favorable to him. . . . All conflicts in the evidence must be resolved in the plaintiff's favor and . . . [c]ontradictions, conflicts and inconsistencies which appear in the evidence are to be resolved in the plaintiff's favor." *Id.* "Acts of contributory negligence not alleged in the answer should be ignored." *Bowen v. Gardner,* 275 N.C. 363, 366, 168 S.E. 2d 47 (1969).

Plaintiffs' evidence, when subjected to the rules stated above and considered in the light most favorable to plaintiffs, would permit a jury to find the following facts.

Late during the night of 2 July 1975, defendant Phillips was driving his company's Pinto station wagon west toward Greensboro on highway I-85. The sky was clear and the pavement dry. Earlier during the night, Phillips had stopped in Durham for dinner at which time he had drunk some beer.

At approximately 12:30 a.m., Phillips reached a spot on I-85, east of Greensboro, where Mount Hope Church Road passes over the highway. The highway is in effect a three-lane road at that spot because the large amount of traffic exiting off Mount Hope Church Road onto I-85 necessitates that the acceleration lane be approximately three-fourths of a mile longer than usual.

When Phillips passed under the overpass, he was being followed by a Vance truck being driven by plaintiffs' intestate. Phillips was in the center lane traveling about 52 m.p.h. The deceased trucker, Walker, was four or five truck lengths behind him and traveling at a speed less than the speed limit.

Suddenly a Dodge Charger driven by defendant George came down the access ramp to Phillips' right. The Charger pulled into the center lane behind Phillips and then passed the Pinto; but in doing so, tapped the left rear bumper of the Pinto.

The Charger accelerated in the far left lane, and Phillips began blinking his lights and sounding his horn. After the Charger had moved about 150 to 200 feet in front of the Pinto, it slowed down and then abruptly moved across the center lane back over to the access lane.

Phillips moved his Pinto into the access lane behind George's Charger without looking behind him or giving a turn signal. Both vehicles began to brake hard; and, as Phillips stated, at this point, "[t]he left rear bumper of my car came in contact with the front right corner of the [Vance] truck." The truck jackknifed, blocking the highway. Walker was pinned inside the cab and later died from injuries received in the collision.

In addition to the facts catalogued above, plaintiffs' evidence, when considered in the light most favorable to plaintiffs, would permit a jury to find the following facts.

At the time of the collision, a rental truck was in the far left-hand lane "running about neck and neck with the Vance truck." A trucker following the Vance truck saw Walker's brake lights come on and heard a crashing noise instantly thereafter. At the moment before the crashing noise, *the Vance truck was in the [center] lane, and no part of [the truck] was over in the [access] lane.*" The jury could also find that both Phillips and George were intoxicated at the time of the accident.

[1] The issues thus become first, whether plaintiffs have offered sufficient evidence which, when considered in accordance with the tests we have set forth above, tends to show that the property damage and Walker's death were proximately caused by the defendants' negligence, and second, whether the evidence establishes as a matter of law that plaintiffs' intestate was contributorily negligent. *Sessoms v. Roberson,* 47 N.C. App. 573, 577-78, 268 S.E. 2d 24 (1980), *citing Ryder v. Benfield,* 43 N.C. App. 278, 258 S.E. 2d 849 (1979). We find that the evidence is such as to permit different inferences to be drawn as to each issue. Thus, we hold that the trial court erred by granting defendants' motion for directed verdict.

In addition to assigning as error the trial judge's granting of the directed verdict, plaintiffs have brought forth several more questions on appeal. Although we have held that the trial court erred in granting the directed verdict and feel that the admitted evidence was sufficient to lead us to that conclusion, we feel it is necessary for us to rule on the additional questions since this case may now proceed to trial.

[2] Plaintiffs assign as error the trial court's exclusion of testimony concerning breathalyzer tests administered to the defendants.

Plaintiffs sought to introduce testimony showing that at 4:20 a.m. on 2 July — almost four hours after the fatal collision — defendant Phillips registered .07 on the breathalyzer. Plaintiffs sought to show that defendant George registered .10 on the breathalyzer three hours after the accident. Plaintiffs further sought to introduce expert medical testimony which would

have shown that, given those readings, defendant George would have registered .15 on the breathalyzer at the time of the fatal collision and defendant Phillips would have registered between .11 and .12.

The testimony described above should have been admitted. *See McNeil v. Williams*, 16 N.C. App. 322, 191 S.E. 2d 916 (1972). Whether he is the proximate cause of any injury, "[u]nquestionably a motorist is guilty of negligence if he operates a motor vehicle . . . while under the influence of [an] intoxicating [beverage]." *Atkins v. Moye*, 277 N.C. 179, 186, 176 S.E. 2d 789 (1970). Both defendants had testified they had drunk beer before the accident. The investigating officer testified that while at the scene of the accident he formed the opinion that both defendants were intoxicated. The excluded testimony was nothing more than additional evidence from which the jury could have found that defendants were intoxicated and unable to exercise due care in the operation of their cars. The trial court erred when it excluded the evidence.

[3] Plaintiffs assign as error the trial judge's exclusion of the investigating patrolman's testimony concerning a gouge mark in the road surface.

Trooper Holman was at the scene of the collision shortly after it occurred and returned to the scene later that day to investigate the accident. Holman testified that he observed a large amount of black skid marks that started in the center lane. The trooper further stated after objection and out of the presence of the jury that he observed a gouge mark in the center lane.

We find that Holman should have been allowed to testify concerning the gouge mark. *See Farrow v. Baugham*, 266 N.C. 739, 741, 147 S.E. 2d 167 (1966). Any lack of credibility, given the number of possible gouge marks and the possibility that additional marks were made since the accident, was a matter for the jury.

Plaintiffs have further assigned as error the trial court's refusal to allow testimony by William Wallace, an engineer, concerning the presence and location of marks near the accident scene which he personally observed. We have considered all of plaintiffs' exceptions grouped within this assignment and

find one to be of merit. Wallace should have been allowed to testify concerning the gouge mark referred to above, as both his independent observation and as corroboration of Holman. Any lack of credibility, given the passage of time between the collision and Wallace's observation and the rather unscientific comparison made by Wallace of the asphalt, is a matter for the jury.

[4] Plaintiffs assign as error the trial court's refusal to allow them to amend their pleadings so as to place them in conformity with the evidence. We agree with plaintiffs and hold that the pleadings should have been amended pursuant to G.S. 1A-1, Rule 15(b). The proposed paragraphs do nothing more than make more specific certain allegations contained in the original complaints. The testimony the amendments are based on was unobjected to at trial. The contention that the evidence was known to plaintiffs at the time they drew up their complaint and thus was no surprise to them is irrelevant since defendants failed to show how the amendments would prejudice them in maintaining their defense.

We have examined plaintiffs' remaining assignment of error regarding portions of witness Armstrong's deposition and find it to be without merit. The judgment of the trial court granting the directed verdict is

Reversed.

Judges ARNOLD and WELLS concur.