PLYMOUTH PALLET COMPANY, INCORPORATED v. IRIS DAVIS
WOOD (A/K/A IRIS WOOD SUTTON)

No. 806SC898

(Filed 5 May 1981)

**Gifts § 1— action to recover personal property – failure to instruct on defense of gift**

Where plaintiff alleged that defendant converted certain items of personal property belonging to plaintiff and refused to pay rent that was owed to plaintiff and past due but defendant contended that these items were gifts made to her by plaintiff's chief executive officer and controlling stockholder, the trial court erred in failing to declare and explain the law of gift and erred in failing to submit the issue to the jury, since plaintiff's chief executive officer testified that he loved defendant, that she travelled with him and slept with him on a number of occasions, and that he wanted to marry her; the officer also testified that he controlled the plaintiff corporation, that he either paid for the items by personal check and was reimbursed by the company or defendant purchased them and was reimbursed by him; and the title and registration of a 1977 Oldsmobile which the officer provided for defendant were put in the name of defendant.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 16 April 1980 in Superior Court, HALIFAX County. Heard in the Court of Appeals 2 April 1981.

Plaintiff is a North Carolina corporation. Defendant was employed by plaintiff from September of 1975 to February of 1977. During part of this time and for a short while after her employment was terminated, she was involved in a personal relationship with plaintiff's chief executive officer, Mr. Ronald Harrison. Mr. Harrison admits he was in love with defendant, asked her to marry him, travelled with and slept with her and gave her and members of her family many gifts. In addition to these admitted gifts, defendant was provided with a 1977 Oldsmobile station wagon, which was purchased by Mr. Harrison, and for which he was reimbursed, and numerous items of household furniture and other personal property. Plaintiff also purchased a house which defendant occupied from January of 1977 until approximately April of 1978.

On 3 August 1978 plaintiff filed a complaint alleging that defendant had converted the property described in the complaint to her own use and had failed to pay rent she had agreed to pay for occupancy of the house purchased by plaintiff. Plaintiff sought to recover either the property or damages and $2,000

as unpaid rent. Defendant answered denying the allegations and asserting that all the items listed in the complaint were received by defendant, along with other items, as gifts from Mr. Harrison, and that she lived in the house bought by plaintiff at the request of Mr. Harrison and never agreed to pay rent.

Plaintiff's evidence at trial tended to show that the items of personal property and the house were furnished to defendant for her use only while employed by plaintiff; that other employees were furnished with similar items which were returned when their employment terminated; and that the items of personal property are carried as capital items on the corporate records of plaintiff. Defendant cross-examined each of plaintiff's witnesses but did not offer any evidence. Prior to the conclusion of the judge's charge to the jury the defendant submitted a requested charge on the law of gift, which the trial court denied. The jury returned a verdict for the plaintiff on the issues of the personal property and the automobile, and for the defendant on the issue of the past-due rent. From this verdict, the defendant appeals.

*Allsbrook, Benton, Knott, Cranford and Whitaker, by Thomas I. Benton, for plaintiff appellee.*

*Tharrington, Smith and Hargrove, by Wade M. Smith and Douglas E. Kingsbery, for defendant appellant.*

ARNOLD, Judge.

Defendant's only assignment of error is that the trial court erred in refusing to explain the law of gift to the jury and to submit that issue to them with appropriate instructions.

When charging the jury in a civil case, it is the duty of the trial court to explain the law and to apply it to the evidence on the substantial issues of the action. G.S. 1A-1, Rule 51; *Cockrell v. Cromartie Transport Co.*, 295 N.C. 444, 245 S.E. 2d 497 (1978). When a party contends that certain acts constitute a defense against another, the trial court must submit the issue to the jury with appropriate instructions if there is evidence which, when viewed in the light most favorable to the proponent, will support a reasonable inference of each essential element of the defense asserted. *See Vernon v. Crist*, 291 N.C. 646, 231 S.E. 2d 591 (1977).

The substance of plaintiff's action is that defendant converted certain items of personal property belonging to plaintiff and refused to pay rent that was owed to plaintiff and past due. The only defense offered by defendant was that these items were gifts made to her by Mr. Harrison, plaintiff's chief executive officer and controlling stockholder. The essential elements of a gift *inter vivos* are: (1) the intent by the donor to give the donee the property in question so as to divest himself immediately of all right, title and control therein; and (2) the delivery, actual or constructive, of the property to the donee. 6 Strong's N.C. Index 3d, Gifts § 1 (1977).

It is apparent from a review of the record that the evidence, when viewed in the light most favorable to the defendant, will support a reasonable inference of the essential elements of the defense of gift. Mr. Harrison testified that he loved the defendant, that she had travelled with him and slept with him on a number of occasions, and that he wanted to marry her. He also testified that he controlled the plaintiff corporation, that either he paid for the items by personal check and was reimbursed by the company, or defendant purchased them and was reimbursed by him, and that the title and registration of the 1977 Oldsmobile were put in the name of the defendant. This evidence is sufficient to require the trial court to declare and explain the law of gift and submit the issue to the jury. Failure to do so was prejudicial error.

This action is remanded for a new trial.

New trial.

Judges HEDRICK and WEBB concur.