WILFRENIA WILLIAMS SMITH v. DARREN DEVON BUCKHRAM AND SE-
CURITY STORAGE COMPANY, INC. D/B/A SECURITY MAYFLOWER
AGENCY

No. 888SC84

(Filed 20 September 1988)

1. **Evidence § 50— chiropractor's testimony—injury to ligaments and muscles—
testimony admissible—no objection properly made**

   In an action to determine the amount of damages plaintiff was entitled to
   recover for injuries sustained in an automobile accident, the trial court did not
   err in admitting into evidence the opinion testimony of a chiropractor concern-
   ing damage or injury to plaintiff's ligaments and muscles, since defendants
   failed to object when the issue was first raised; the question to which they
   finally entered an objection was based upon ligament and not muscle injury;
   and the testimony regarding ligaments of the spine was within the scope of
   chiropractic as defined in N.C.G.S. § 90-143 and was therefore a proper sub-
   ject of testimony by the witness.

2. **Appeal and Error § 30.2; Rules of Civil Procedure § 15— permanency of inju-
   ries—only general objections made to evidence—issue treated as if raised in
   pleadings**

   In an action to determine the amount of damages plaintiff was entitled to
   recover for injuries sustained in an automobile accident, the trial court did not
   err by allowing testimony that plaintiff's injury was permanent, and by in-
   structing the jury on the issue of permanency, on the ground that plaintiff
   failed to include an allegation to that effect in her complaint, since defendants'
   objections to this line of testimony were all general in nature; defendants did
   not avail themselves of the opportunity to demonstrate prejudice or to obtain
   a continuance; and the issue of permanency of injuries was properly treated by
   the court as if it had been raised in the pleadings. N.C.G.S. § 1A-1, Rule 15(b).

3. **Automobiles § 91.5— injuries in accident—amount of damages—aggravation of
   preexisting condition—instruction improper**

   In an action to determine the amount of damages plaintiff was entitled to
   recover for injuries sustained in an automobile accident, the trial court erred
   in instructing the jury on the aggravation of plaintiff's preexisting condition
   where there was no evidence showing aggravation of a preexisting condition.

APPEAL by defendants from *Llewellyn, James D., Judge.*
Judgment entered 30 July 1987 in Superior Court, WAYNE Coun-
ty. Heard in the Court of Appeals 2 June 1988.

*R. Michael Bruce for plaintiff-appellee.*

*Dees, Smith, Powell, Jarrett, Dees & Jones, by William W.
Smith, for defendant-appellants.*

JOHNSON, Judge.

Plaintiff commenced this civil action on 17 November 1986, seeking damages for personal injuries she sustained on 3 September 1985 when defendant corporation's truck struck her car in the rear. In their answer defendants denied negligence, but when the matter was called for trial, the parties stipulated that defendant driver, who was operating the vehicle in the course of his employment, had injured the plaintiff through his negligence. The case was tried solely on the issue of damages.

Plaintiff presented evidence which showed that she received injuries to her back, neck, and chest and was treated at Wayne Memorial Hospital. She initially received physical therapy from her family physician, but sought treatment from Dr. Anthony Hamm, a doctor of chiropractic, after her condition failed to improve.

The plaintiff's evidence further revealed that on 22 and 27 October 1985, in written opinions rendered by both Dr. Anthony Hamm and Dr. Lucas Scott respectively, plaintiff was given a prognosis for recovery without permanent disability or impairment.

Plaintiff also presented evidence in the form of testimony by Dr. Hamm that on 24 July 1987, three days before the case was calendared for trial, he examined her at the request of plaintiff's counsel. He determined at that time that plaintiff had some sensory loss of the nerves between the second and third thoracic vertebrae on the left side of her body. He also determined that she was suffering from a permanent disability of her cervical or upper thoracic spine. Dr. Hamm testified further that based upon the American Medical Association's rating guide, plaintiff was suffering five percent permanent physical impairment.

Defendants presented no evidence at trial. Based upon the evidence submitted, the jury returned a verdict of $35,000.00. Defendants then made post-trial motions to set aside the verdict, and for a new trial. The trial court denied both motions, and entered its judgment based upon the jury's verdict. From this judgment, defendants appeal.

[1] On appeal defendants have submitted three questions for this Court's review. By their first Assignment of Error, defend-

ants contend that the trial court committed reversible error by admitting into evidence the opinion testimony of Dr. Hamm, concerning damage or injury to plaintiff's ligaments and muscles, because such an opinion was beyond the field of chiropractic as defined in G.S. sec. 90-143. We cannot agree.

G.S. sec. 90-157.2 states in pertinent part that:

A Doctor of Chiropractic, for all legal purposes, shall be considered an expert in his field and, when properly qualified, may testify in a court of law as to etiology, diagnosis, prognosis, and disability, including anatomical, neurological, physiological and pathological considerations *within the scope of chiropractic.*

(Emphasis supplied.)

G.S. sec. 90-143 defines chiropractic as:

[T]he science of adjusting the cause of disease by realigning the spine, releasing pressure on nerves radiating from the spine to all parts of the body, and allowing the nerves to carry their full quota of health current (nerve energy) from the brain to all parts of the body.

Defendants rely upon *Ellis v. Rouse*, 86 N.C. App. 367, 357 S.E. 2d 699 (1987), to support their argument that "[t]he testimony as to the opinion of the strain or sprain of muscle *and ligaments* should have been excluded because such injury and treatment is beyond the field of chiropractic as defined by statute." We find this reliance misplaced, as *Ellis* states that testimony regarding the strain or sprain of a muscle is beyond the field of chiropractic as statutorily defined. *Ellis* did not include any discussion regarding ligaments. On this issue, we find Dr. Hamm's testimony helpful.

Q. Would you explain to the jury what happens to ligaments when they are stretched, when they're injured as much as Mrs. Smith's were.

A. I would like to preface that to say that a ligament injury was not the main issue in her particular case but more of a *muscular type injury although there was some evidence of some minor ligament damage.* [No objection entered.]

When a ligament—it is not like a muscle. *A ligament in the spine is what sustains the spine. It keeps everything in the normal alignment where it should be.* When a person's neck is injured in a flexion-extension type injury there are ligaments that run along the front of the spine and there's also ligaments that run down the back and whenever there's forward or backward trauma to that spine, especially in the neck you can get some stretching of the ligaments.

When a ligament is injured, two things are noteworthy:

One, a ligament has more pain fibers than a muscle does and it becomes more painful and secondly it has less blood supply so it doesn't heal as quickly as a muscle injury.

Q. *Do you have an opinion based on your examination of Mrs. Smith and your treatment of her during the period that you have described as to whether she had any damage or injury to her ligaments?*

*Objection.*

*Court: Overruled.*

EXCEPTION NO. 14.

A. Minor injury to the ligaments; mostly to the muscles and nerves, sir.

This testimony reveals that: (1) defendants lost the benefit of their objection to testimony concerning the injury to muscles, as they failed to object when the issue was first raised; *see State v. Whitley,* 311 N.C. 656, 319 S.E. 2d 584 (1984); 1 Brandis on North Carolina Evidence, sec. 30 (1982); (2) the question to which they finally entered an objection was based upon ligament and not muscle injury; and (3) the trial court properly overruled the objection, as testimony regarding ligaments of the spine is within the scope of chiropractic as defined in G.S. sec. 90-143. (See also Dorland's Illustrated Medical Dictionary 732-43, 845-55 (26th ed. 1981), for the definitions of and differentiation between ligaments and muscles.) Therefore, we overrule defendant's first assignment of error.

[2]   Defendants next contend that the trial court erred by allowing testimony that plaintiff's injury was permanent, and by in-

structing the jury on the issue of permanency, because plaintiff failed to include an allegation to that effect in her complaint. Again we find no error.

G.S. sec. 1A-1, Rule 15(b) provides that:

> When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues. *If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence.*

(Emphasis added.)

Although defendants are correct in their assertion that plaintiff did not amend her complaint to allege that her injuries were permanent, testimony was raised at trial to that effect. The objections made at trial to this line of testimony were all general in nature, therefore defendants did not avail themselves of the opportunity to demonstrate prejudice, or to obtain a continuance, as provided for in the statute. Therefore the issue of permanency of injuries was properly treated by the court as if it had been raised in the pleadings.

Insofar as the assignment of error concerns the jury instruction, we believe that since the evidence of permanency was properly introduced at trial and comprised a substantial feature of the case, the court was required to instruct the jury on the issue. G.S. sec. 1A-1, Rule 51(a); *In re Will of Cooley*, 66 N.C. App. 411, 311 S.E. 2d 613 (1984).

Defendants also rely upon *Thacker v. Ward,* 263 N.C. 594, 140 S.E. 2d 23 (1965), to support their contention that injuries to nerves are special damages which should be specifically pleaded.

Suffice it to say that we find *Thacker* totally inapposite to the facts in the case *sub judice,* as it involved the plaintiff's obligation to specially allege traumatic neurosis, a psychological illness, in order to recover for its effects. We have no psychological injury before us for consideration.

[3] Lastly, defendants contend that the trial court erred by instructing the jury on the aggravation of plaintiff's pre-existing condition, because the complaint did not contain an allegation of that import, and because the evidence showed no aggravation of a pre-existing condition.

We decide this issue on part two of this assignment of error, because we agree that the evidence showed no aggravation of a pre-existing condition and the court therefore improperly instructed the jury.

Dr. Hamm, plaintiff's chiropractor, testified as follows:

Q. Do you have an opinion based on your examination of her during 1985 and also last week as to whether or not the accident in which she was involved on September 3, 1985 may have aggravated a dormant or incipient condition which she had as a result of the 1981 and 1982 accidents?

Objection.

Court: Overruled.

EXCEPTION NO. 17.

A. *Not that I know of.*

Mr. Bruce: I didn't understand the ruling of the court.

Court: Overruled and he said not that he knew of.

Q. *Do you have an opinion based on your examination of Mrs. Smith last week and during the fall of 1985 as to whether the accident in which she was involved on September 3, 1985 may have aggravated the condition from which she was suffering after her 1981 and 1982 accidents?*

Objection.

Court: Overruled.

EXCEPTION NO. 18.

A. *Not that I know of.*

Q. Sorry?

A. *Not that I know of as far as aggravating that injury.*

Move to strike.

Court: Denied.

EXCEPTION NO. 19.

On the issue of the aggravation of a pre-existing condition, the court instructed the jury as follows:

[In this case, the Defendant contends, and the Plaintiff denies, that the aggravation of Plaintiff's spinal condition was not reasonably foreseeable and, that, therefore, the Defendant's conduct could not be a proximate cause of Plaintiff's injury.

When a Defendant's negligent conduct would not have resulted in any injury to a Plaintiff of ordinary susceptibility, the Defendant would not be liable for the harmful consequences which result from that Plaintiff's peculiar susceptibilities, such as the aggravation of a pre-existing condition, unless, under the circumstances, the defendant knew or should have known of such peculiar condition. However, if the negligent conduct of the Defendant would have resulted in any injury to a person of ordinary susceptibility, then the negligent conduct of the Defendant would be a proximate cause of the Plaintiff's injury, and the Defendant would be liable for all the harmful consequences which occur—even though these harmful consequences may be unusually extensive because of the aggravation of a pre-existing condition.]

EXCEPTION NO. 26.

Therefore, we find that the trial court improperly performed its duty to instruct the jury on all substantial matters arising from the evidence when it supports a *reasonable inference* of the

claim or defense when viewed in the light most favorable to the proponent. G.S. sec. 1A-1, Rule 51; *Cooley, supra; Plymouth Pallet Co., Inc. v. Wood*, 51 N.C. App. 702, 277 S.E. 2d 462, *disc. rev. denied*, 303 N.C. 545, 281 S.E. 2d 393 (1981). Even when viewed in the light most favorable to the proponent, the evidence simply does not support any inference of the aggravation of a pre-existing injury.

It is for the foregoing reasons that we grant defendants a new trial.

New trial.

Judges PARKER and COZORT concur.