DEPARTMENT OF TRANSPORTATION, Plaintiff v. ROWE F. BOLLINGER and wife, ANITA L. BOLLINGER, Defendants

No. COA95-207

(Filed 20 February 1996)

1. **Pleadings § 400 (NCI4th)— admission of particular evidence—evidence within contemplation of pleadings—no amendment of pleadings**

There was no merit to defendants' contention that plaintiff attempted to amend its complaint by introducing into evidence a Right of Way Agreement and that defendants should have been afforded the opportunity to amend their answer in order to plead the defenses of failure of consideration, fraud, and forgery, since the evidence defendants objected to was within the scope of the pleadings, and defendants failed to show how they were prejudiced by the trial court's failure to treat plaintiff's introduction of the Right of Way Agreement as an amendment to the pleadings.

**Am Jur 2d, Pleading § 329.**

DEPT. OF TRANSPORTATION v. BOLLINGER

[121 N.C. App. 606 (1996)]

**What constitutes "prejudice" to party who objects to evidence outside issues made by pleadings so as to preclude amendment of pleadings under Rule 15(b) of Federal Rules of Civil Procedure. 20 ALR Fed. 448.**

**2. Evidence and Witnesses § 809 (NCI4th)— copy of Right of Way Agreement—sufficiency of evidence of authenticity**

The evidence was sufficient to support the trial court's finding that a Right of Way Agreement which was accompanied by certification signed by the Manager of the Right of Way Branch of the Department of Transportation in Raleigh, North Carolina, was an authenticated copy of the agreement in question. N.C.G.S. § 8C-1, Rule 901(b)(7).

**Am Jur 2d, Evidence § 1090.**

**Federal Civil Procedure Rule 44 and Federal Criminal Procedure Rule 27, relating to proof of official records. 70 ALR2d 1227.**

**Sufficiency, under Federal Civil Procedure Rule 44(a)(1), of authentication of copy of domestic official record. 2 ALR Fed. 306.**

Appeal by defendants from order entered 13 September 1994 by Judge Loto Greenlee Caviness in Catawba County Superior Court. Heard in the Court of Appeals 15 November 1995.

In 1949, the State Highway and Public Works Commission, now the Department of Transportation, "DOT," acquired a right of way in Catawba County for construction of Highway U.S. 321 between Newton and Conover. This project affected the property of Elsie Price Bollinger and husband, C.A. Bollinger, who executed a Right of Way Agreement with the State Highway Commission. This agreement was not recorded in the Catawba County Registry but remained on file in the records of the Right Of Way Branch of the DOT, Raleigh, North Carolina. Elsie Price Bollinger, and husband C.A. Bollinger, conveyed the property to their son, the defendant, by warranty deed. The warranty deed subjected the conveyed property "to a State highway right of way 75 feet in depth, extending from the Northeast to the Southeast corner." The DOT initiated a condemnation action to take defendants' property under the power of eminent domain, as it had the right to take possession of that property pursuant to a Right of Way Agreement signed by defendants' parents. After an evidentiary

DEPT. OF TRANSPORTATION v. BOLLINGER

[121 N.C. App. 606 (1996)]

hearing, the trial court found that the DOT had a valid 75 foot right of way. Defendants appeal.

*Attorney General Michael F. Easley, by Assistant Attorney General, J. Bruce McKinney, for plaintiff appellee.*

*Sigmon, Clark, Mackie & Hutton, P.A., by Warren A. Hutton, for defendant appellant.*

ARNOLD, Chief Judge.

[1] The defendants first argue that plaintiff attempted to amend its complaint by introducing into evidence the Right of Way Agreement and that defendants should have been afforded the opportunity to amend their answer in order to plead the defenses of failure of consideration, fraud and forgery. We disagree.

N.C. Gen. Stat. § 136-103(5) (1993) mandates that a complaint filed in a DOT condemnation action shall contain or have attached, "A statement as to such liens or other encumbrances as the Department of Transportation is informed and believes are encumbrances upon said real estate and can by reasonable diligence be ascertained." Plaintiff attached two documents to its complaint. The first included a list of liens and encumbrances. The third encumbrance recited on the list was, "Right of Way Agreement to Department of Transportation (formerly State Highway Commission) as recorded in Deed Book 583 at Page 316 of the Catawba County Registry." The second document, "A Description of Property Affected," had the following language within the description of Tract #1: "The above tract of land on the East is subject to State Highway right of way 75 feet in depth extending from the Northeast to the Southeast corner."

N.C.R. Civ. P. 15b (1990) provides:

Amendments to conform to the evidence.—When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment, but failure so to amend does not affect the result of the trial of these issues. *If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow*

*the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be served thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.* The court may grant a continuance to enable the objecting party to meet such evidence. (emphasis added)

A motion to amend is addressed to the discretion of the trial court and is not reviewable on appeal absent a showing of abuse of discretion. *Henry v. Deen*, 310 N.C. 75, 82, 310 S.E.2d 326, 331 (1984). "A formal amendment to the pleadings is needed only when evidence is objected to at trial as not within the scope of the pleadings." *Taylor v. Gillespie*, 66 N.C. App. 302, 305, 311 S.E.2d 362, 364 (1984).

The evidence defendants object to is within the scope of the pleadings. Plaintiff's pleadings make reference to the Right of Way Agreement, and the pleadings make reference to the right of way in the description of the property. Defendants were put on notice that plaintiff was relying on a Right of Way Agreement and on a deed that reserved such a right of way to support its legal theory. At the hearing, the trial court allowed the defendants to present evidence on the issue of the validity of the signatures of Elsie and C.A. Bollinger on the Right of Way Agreement. The Judge observed the demeanor of the witnesses and examined the signatures in question. Based on this evidence, the court found that there was no fraud or forgery. At no time during the hearing did they request a continuance of the hearing based on surprise or lack of knowledge of the contested item of evidence. Defendants have failed to show how they have been prejudiced by the trial court's failure to treat plaintiff's introduction of the Right of Way Agreement as an amendment to the pleadings.

[2] Defendants next assign error to the admission of the Right of Way Agreement because plaintiff did not properly authenticate it. The contested item of evidence consists of a certification and a photostat copy of the Right of Way Agreement. The certification is signed by the manager of the Right Of Way Branch of the DOT, who certifies that the Right of Way Agreement is in fact a photostat copy of a Right of Way agreement, from defendants' parents, to the DOT. The certification is also signed by the custodian of the minutes of the Board of Transportation, who certifies that the manager has the responsibilities of care and custody of files of the Right of Way Branch. Defendants argue that the document was not maintained in the loca-

tion where items of that nature are normally kept; that they presented opinion evidence showing that the signatures on the Right of Way Agreement were not those of the defendants' parents; that plaintiff presented no evidence to counter this; and therefore the Agreement has not been properly authenticated.

"Any inconsistency in the testimony between plaintiff's witnesses, defendant's witness . . . [is] a matter to be resolved by the trial court in its findings of fact." *Cogdill v. Highway Comm. and Westfeldt v. Highway Comm.*, 279 N.C. 313, 319, 182 S.E.2d 373, 377 (1971). The court's findings of fact will not be reversed unless based only on incompetent evidence. *Id.* at 320, 182 S.E.2d at 377. When the conclusions are supported by the findings, which are based on competent evidence they will not be disturbed on appeal. *State v. Mandina*, 91 N.C. App. 686, 696, 373 S.E.2d 155, 161 (1988). Further, N.C.R. Evid. 901(a) (1992) provides, "The requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." N.C.R. Evid. 901(b)(7) (1992) provides:

> By way of illustration only, and not by way of limitation, the following are examples of authentication or identification conforming with the requirements of this rule:

> Public Records or Reports—Evidence that a writing authorized by law to be recorded or filed and in fact recorded or filed in a public office, or a purported public record, report, statement, or data compilation, in any form, is from the public office where items of this nature are kept.

Also, the North Carolina Supreme Court has held that a copy of a purported resolution authorizing a right of way, which was certified by the Secretary to the Highway Commission, to be a true and correct copy of the resolution, was properly authenticated and admitted into evidence. *Kaperonis v. Highway Commission*, 260 N.C. 587, 598-599, 133 S.E.2d 464, 472-473 (1963).

In the instant case the Right of Way Agreement was accompanied by certification signed by the Manager of the Right of Way Branch of the DOT in Raleigh, North Carolina. The custodian of the minutes of the Board of Transportation certified that the Manager of the Right of Way Branch has the responsibility of care and custody of files of the Right of Way Branch. The defendants put on evidence to show that

TRANTHAM v. ESTATE OF SORRELLS

[121 N.C. App. 611 (1996)]

the signatures on the Right of Way Agreement were forged. As the finder of fact, the trial judge had the opportunity to observe the demeanor of the witnesses and determine their credibility. He found that the Agreement was an authenticated copy of the Right of Way Agreement. Because the trial judge had competent evidence upon which to base his finding, we affirm the trial court's finding.

Affirmed.

Judges EAGLES and MARTIN, John C., concur.