JAMES McDEVITT, III, Plaintiff v. JANICE STACY and LARRY STACY, Defendants

No. COA01-15

(Filed 5 February 2002)

## 1. Appeal and Error— assignment of error—not consistent with transcript

An assignment of error was dismissed where it did not comport with the transcript in that plaintiff's assignment of error referred to the denial of his motion for a directed verdict on contributory negligence based upon defendants' failure to amend their answer to conform to the evidence, but the transcript shows that the motion was based on insufficient evidence to establish contributory negligence.

## 2. Negligence— contributory—within scope of pleadings

The issue of contributory negligence was within the scope of the pleadings in an automobile accident case and no further amendment was needed where the trial court by implication granted defendants' motion to amend their pleadings to include contributory negligence when it denied plaintiff's motion in limine to exclude the issue of plaintiff's contributory negligence; the evidence supported the issue of contributory negligence; plaintiff was put on notice of the affirmative defense of contributory negligence by defendants' conditional pleading; plaintiff did not move to strike the allegations and replied denying negligence and asserting the last clear chance doctrine and defendant's gross negligence; plaintiff availed himself of all opportunities to fairly and fully prosecute his case; plaintiff failed to argue or show any prejudice to the trial court in presenting his case; plaintiff requested instructions on last clear chance, gross negligence, and reckless driving and appealed from the denial of those instructions; and plaintiff failed to argue any prejudice on appeal.

## 3. Motor Vehicles— leaving lane of travel—sudden emergency

There was no error in an automobile accident case where the trial court instructed the jury that plaintiff's violation of the statute requiring drivers to remain in the right lane constituted contributory negligence where plaintiff argued that sudden emergency excused his leaving his lane, but failed to request that instruction, did not assign plain error or argue that the jury may have reached a different result, and there was no evidence that

would support a reasonable inference of each element of the doctrine of sudden emergency.

### 4. Motor Vehicles— last clear chance—instruction denied

The trial court did not err by denying plaintiff's requested instruction on last clear chance where defendant testified that she was on the wrong side of the road placing newspapers in boxes when she saw plaintiff's lights approaching, that she decided that it would be better to sit off the road instead of trying to go completely across the road, and that there was nothing more she could have done to avoid the collision after she made the decision to park parallel in a customer's driveway.

### 5. Motor Vehicles— reckless driving—instruction denied

The trial court properly denied plaintiff's requested instruction on reckless driving where defendant's uncontradicted testimony was that she was very cautious when she delivered newspapers in the early morning hours on dark, deserted roads and defendant's conduct did not indicate carelessness, wicked purpose, or willful or wanton disregard for the safety of plaintiff.

### 6. Motor Vehicles— newspaper carrier—gross negligence—evidence insufficient

The evidence of gross negligence was insufficient to defeat contributory negligence in an automobile accident case involving a carrier inserting newspapers into boxes on a dark road.

Judge HUDSON dissenting.

Appeal by plaintiff from judgment entered 25 September 2000 by Judge Donald M. Jacobs in Johnston County Superior Court. Heard in the Court of Appeals 7 November 2001.

*Jones, Martin, Parris, and Tessener, L.L.P., by Hoyt G. Tessener, for plaintiff-appellant.*

*Teague, Campbell, Dennis, & Gorham, LLP, by Mallory T. Underwood and Tara L. Davidson, for defendant-appellee.*

TYSON, Judge.

James McDevitt ("plaintiff") appeals from an order and judgment entered after the jury returned a verdict in favor of defendants. We find no error.

**McDEVITT v. STACY**

[148 N.C. App. 448 (2002)]

## I. Facts

Janice Stacy (individually "defendant"), substituting for her husband Larry Stacy, (collectively "defendants") was delivering newspapers from their car at approximately 5:15 a.m. on the morning of 20 October 1998. Defendant was moving slowly along the shoulder of the wrong side of the road inserting newspapers into her customers' boxes. It was dark and virtually no other traffic was on the road. Defendant saw a car approaching in the distance with its headlights on. Defendant slowly pulled her car into a driveway parallel to the road. Defendant dimmed her high-beams and engaged the emergency flashers. Plaintiff approached, swerved, and collided into defendants' car. Both cars were damaged. Plaintiff and defendant walked away from the scene without medical assistance.

Plaintiff filed his complaint alleging that defendant was negligent on 28 June 1999. On or about 11 September 1999, defendants answered generally denying plaintiff's allegations and pleading "conditional contributory negligence." On 7 September 1999, plaintiff replied denying negligence, alleged defendant's conduct constituted gross negligence, and specifically pled the doctrine of last clear chance.

The trial commenced on 28 August 2000. Plaintiff moved *in limine* to exclude all evidence of contributory negligence based on defendants' pleading errors. Defendants responded and moved to amend their answer to include contributory negligence to the extent their pleadings were insufficient. After considering both motions simultaneously, the trial court expressly denied plaintiff's motion. The jury returned a verdict in favor of defendants on 1 September 2000 barring plaintiff's recovery based on his own contributory negligence.

## II. Issues

Plaintiff argues that the trial court committed reversible error: (1) denying his motion *in limine* to exclude contributory negligence as an issue at trial based on defendants' inadequate pleadings, (2) instructing the jury that plaintiff leaving his lane to avoid the collision constituted contributory negligence, and (3) denying plaintiff's requested jury instructions.

[1] At the outset we note that one of plaintiff's assignments of error does not comport with the transcript. Plaintiff's assignment of error number two in the record states "[t]he Court's denial of Plaintiff's

**McDEVITT v. STACY**

[148 N.C. App. 448 (2002)]

Motion for a Directed Verdict on the issue of contributory negligence where the Defendants failed to move to amend their Answer to conform to the evidence pursuant to N.C.R.Civ.P. [sic] 15(b)." The trial transcript shows that plaintiff's motion was based on "insufficiency of the evidence" to establish contributory negligence, not based on plaintiff's failure to move to amend their answer. This assignment of error is dismissed. N.C. R. App. P. 10(c) (1999).

### III. Contributory Negligence

**[2]** Plaintiff argues that the issue of contributory negligence should have been excluded from trial because defendants failed to properly plead that affirmative defense, and that the trial court failed to rule on defendants' motion to amend their pleadings to include contributory negligence. We disagree.

### A. Pleadings

The North Carolina Rules of Civil Procedure require a pleading setting forth an affirmative defense to include "a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved." N.C. Gen. Stat. § 1A-1, Rule 8(c) (1990). Under "notice theory" pleading, a pleading must give "sufficient notice of the events or transactions which produced the claim to enable the adverse party to understand the nature of it and the basis for it, to file a responsive pleading, and . . . to get any additional information he may need to prepare for trial." *Sutton v. Duke*, 277 N.C. 94, 104, 176 S.E.2d 161, 167 (1970). "Under our new Rules of Civil Procedure, the requirements for pleading an affirmative defense are no more stringent than those for pleading a cause of action." *Bell v. Traders & Mechanics Ins. Co., Inc.*, 16 N.C. App. 591, 593, 192 S.E.2d 711, 712 (1972).

Defendants answered the complaint and pled "conditional contributory negligence," stating that:

> These defendants are informed and believe and [sic] evidence may be developed through the course of this litigation which may support the assertion of a defense of contributory negligence to the claim of the plaintiffs. Until these defendants have been provided the opportunity to conduct discovery in this case inquiring into those matters which may support such a defense; one cannot be pleaded. Accordingly, these defendants specifically reserve

their right pursuant to provisions of North Carolina Rule of Civil Procedure 8(c) and put the plaintiff on notice of their intention to assert the affirmative defense of contributory negligence in the event that facts discovered in this action may support such a defense.

(Emphasis supplied). Plaintiff filed a reply to defendants' answer wherein he stated that:

Plaintiff responds to Defendants' answer which alleges conditional contributory negligence, as follows:

Responding to Defendants' defense of "Conditional Contributory Negligence," Plaintiff denies the allegations of negligence contained therein and denies that any negligence on the part of Plaintiff contributed to or was the cause of his injury.

Responding to the same defense, Plaintiff alleges that if plaintiff's conduct amounts to contributory negligence, then Defendants' [sic] conduct constituted gross negligence, which would defeat any contributory negligence which Defendants ascribes to Plaintiff.

Plaintiff also specifically pleads the doctrine of last clear chance in avoidance to the affirmative defense of contributory negligence, and alleges as follows:

1. That Plaintiff, at the time of the accident described in the Complaint, was in a position of peril from which he could not remove himself;

2. That thereafter Defendants [sic] discovered, or in the exercise of reasonable care should have discovered, Plaintiff's position of peril, and Defendant . . . had the time and means to avoid the injury to Plaintiff, but negligently failed to exercise ordinary care to do so;

3. That such failure on the party of Defendant . . . proximately caused Plaintiff's injuries as described in the Complaint.

We conclude that plaintiff's detailed reply to defendants' answer shows that plaintiff received notice that contributory negligence was an issue in the case.

Plaintiff correctly points out that "[a] defendant's failure to plead an affirmative defense *ordinarily* results in waiver thereof, unless the issue is tried by the express or implied consent of the parties."

*Sloan v. Miller Building Corp.*, 128 N.C. App. 37, 43, 493 S.E.2d 460, 464 (1997) (emphasis supplied) (citing N.C. Gen. Stat. § 1A-1, 15(b) (1990); *Nationwide Mut. Ins. Co. v. Edwards*, 67 N.C. App. 1, 312 S.E.2d 656 (1984)). We do not decide whether "conditional" pleading of affirmative defenses satisfies the requirements of Rule 8(c). The record reveals that defendants moved to amend any alleged defect in their pleadings, and the trial court granted by implication that motion when it simultaneously denied plaintiff's motion *in limine* to exclude the issue of plaintiff's contributory negligence.

### B. Motion to Amend

Rule 15(b) provides in pertinent part that:

> Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, either before or after judgment . . . . If evidence is objected to at the trial on the ground that it is not within the issues raised by the pleadings, the court may allow the pleadings to be amended and shall do so freely when . . . the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits.

N.C. Gen. Stat. § 1A-1, Rule 15(b) (1967). "Liberal amendment of pleadings is encouraged by the Rules of Civil Procedure in order that decisions be had on the merits and not avoided on the basis of mere technicalities." *Phillips v. Phillips*, 46 N.C. App. 558, 560-61, 265 S.E.2d 441, 443 (1980) (citing N.C. Gen. Stat. § 1A-1, 15; *Mangum v. Surles*, 281 N.C. 91, 187 S.E.2d 697 (1972)); *see also Mauney v. Morris*, 316 N.C. 67, 340 S.E.2d 397 (1986). Plaintiff recognizes in his brief that "[t]he trial judge is allowed broad discretion in ruling on such motions." *Auman v. Easter*, 36 N.C. App. 551, 555, 244 S.E.2d 728, 730, *cert. denied*, 295 N.C. 548, 248 S.E.2d 725 (1978) (citation omitted). "The objecting party has the burden of satisfying the trial court that he would be prejudiced by the granting or denial of a motion to amend . . . . The exercise of the court's discretion is not reviewable absent a clear showing of abuse thereof." *Watson v. Watson*, 49 N.C. App. 58, 60-61, 270 S.E.2d 542, 544 (1980) (citations omitted). "The objecting party must meet these requirements in order to avoid 'litigation by consent' or allowance of motion to amend." *Roberts v. Memorial Park*, 281 N.C. 48, 58, 187 S.E.2d 721, 727 (1972).

Plaintiff did not argue during the hearing of his and defendants' motions, and does not argue here, any prejudice in the preparation, presentation, or result of his case. Plaintiff has failed to satisfy his burden that the trial court abused its discretion by allowing defendants' motion to amend their answer to correct any defects in their affirmative defense.

Plaintiff argues alternatively that "[d]efendants' motion to amend their answer was not ruled upon, and therefore cannot be considered to have been granted." We disagree.

Plaintiff asserts that *Winfield Corp. v. McCallum Inspection Co.*, 18 N.C. App. 168, 176, 196 S.E.2d 607, 611 (1973) controls this issue. *Winfield* is distinguishable. In *Winfield*, the plaintiff filed a motion to amend its complaint to allege "special damages" but the record failed to disclose whether the motion was ever allowed. *Id.* Our Court would not infer that the motion had been granted solely on the fact that the trial court's order included "special damages." *Id.* The record did not indicate that the issue of "special damages" had ever been mentioned prior to plaintiff filing its motion or that the issue of "special damages" was ever addressed by the trial court. *Id.*

Unlike *Winfield*, the record here is clear that the issue of contributory negligence was (1) raised in defendants' answer; (2) replied to by plaintiff, including the issues of the last clear chance doctrine and defendant's gross negligence; (3) included in a pre-trial order as one of defendants' contested issues, signed by plaintiff, defendant, and the trial judge; (4) at issue during the trial; and (5) admitted as being an issue at trial by plaintiff when he requested jury instructions on last clear chance, gross negligence, and reckless driving.

Plaintiff argues additionally that the trial court did not explicitly grant defendants' motion to amend at the time the trial court denied plaintiff's motion *in limine*. Plaintiff insists that the trial court merely denied his motion. We disagree.

Both motions were simultaneously being considered by the trial court. The two inextricably linked motions also addressed the exact same issue at the exact same time. We conclude that denial of the one was affirmation of the other. *Expressio unius est exclusio alterius*, provides that the mention of one implies exclusion of the other. *Campbell v. Church*, 298 N.C. 476, 482, 259 S.E.2d 558, 563 (1979) (citing *Walla Walla v. Walla Walla Water Co.*, 172 U.S. 1, 43 L. Ed. 341 (1898)). The entire record shows that contributory negligence was an issue at trial.

McDEVITT v. STACY

[148 N.C. App. 448 (2002)]

Plaintiff also has failed to show any resulting prejudice in his ability to prosecute the trial nor any abuse of discretion by the trial court in allowing the issue of contributory negligence into the trial. We hold that any defect in defendants' pleadings was corrected by the trial court's granting defendants' motion to amend and the trial court's denying plaintiff's motion to exclude contributory negligence as an issue at trial.

## C. Failure to Amend

Plaintiff also argues that "[e]ven taking the evidence in the light most favorable to Defendants . . . [their] pleadings were not amended to conform to the evidence presented." Having concluded that the trial court granted defendants' motion to amend, we need to decide whether the lack of a formal amendment of defendants' pleadings affects the jury's verdict.

Our Supreme Court in *Roberts*, 281 N.C. at 59, 187 S.E.2d at 727 specifically held that when a non-objecting party allows evidence to be presented at trial outside the scope of the pleadings, the pleadings are deemed amended to conform to the evidence, and no formal amendment is required. The Court noted, however, that "the better practice dictates that even where pleadings are deemed amended under the theory of 'litigation by consent,' the party receiving the benefit of the rule should move for leave of court to amend, so that the pleadings will actually reflect the theory of recovery." *Id.*; *see e.g.* *Mangum*, 281 N.C. at 98, 187 S.E.2d at 702 (failure to make formal amendment will not jeopardize a verdict based on competent evidence where no objection is made); *Graves v. Walson*, 302 N.C. 332, 341, 275 S.E.2d 485, 491 (1981) (filing a formal written amendment to the complaint by leave of court is envisioned by Rule 15(b)); *Rite Color Chemical Co. v. Velvet Textile Co.*, 105 N.C. App. 14, 21-22, 411 S.E.2d 645, 650 (1992) (citation omitted) ("That a formal amendment to pleadings is not made is of no consequence, for the amendment is presumed to have been made").

Here, plaintiff contends, however, that he objected at trial and defendants never amended their pleadings. Generally, "[a] formal amendment to the pleadings 'is needed only when evidence is objected to at trial as not within the scope of the pleadings.' " *Taylor v. Gillespie*, 66 N.C. App. 302, 305, 311 S.E.2d 362, 364 (1984) (quoting *Securities & Exch. Comm'n v. Rapp*, 304 F.2d 786 (2d Cir. 1962), *cited with approval in Roberts*, 281 N.C. at 57-58, 187 S.E.2d at 726). At bar, contributory negligence was within the scope of the pleadings,

and plaintiff's objections were all general, based solely on defendants' "conditional" pleading.

In *Smith v. Buckhram*, 91 N.C. App. 355, 372 S.E.2d 90 (1988), a defendant made the same argument that plaintiff asserts here. The defendant argued that "the trial court erred by allowing testimony that plaintiff's injury was permanent, and by instructing the jury on the issue of permanency, because plaintiff failed to include an allegation to that effect in her complaint." *Id.* at 358-59, 372 S.E.2d at 92. This Court concluded that:

> Although defendants are correct in their assertion that plaintiff did not amend her complaint to allege that her injuries were permanent, testimony was raised at trial to that effect. The objections made at trial to this line of testimony were all general in nature, therefore defendants did not avail themselves of the opportunity to demonstrate prejudice, or to obtain a continuance, as provided for in the statute. Therefore the issue of permanency of injuries was properly treated by the court as if it had been raised in the pleadings."

*Id.* at 359, 372 S.E.2d at 93. A party objecting at trial has the burden of showing actual prejudice by admission of the evidence. *Roberts*, 281 N.C. at 58, 187 S.E.2d at 727.

In *Miller v. Talton*, 112 N.C. App. 484, 435 S.E.2d 793 (1993), the plaintiff argued that "the affirmative defense of the statute of limitations, having never been properly pleaded, was not before the trial court, . . . constitutes a waiver of that defense . . . and could not, therefore, provide a basis for summary judgment." *Id.* at 486-87, 435 S.E.2d at 796. "Although defendants' motion to amend was allowed by order . . . defendants never filed an amendment to their answer to allege a statute of limitations defense." *Id.* at 486, 435 S.E.2d at 796. *Miller* cited the general rule that waiver usually results unless the issue is raised by express or implied consent. This Court then concluded that "although it is a better practice to require a formal amendment to the pleadings, unpleaded defenses, when raised by the evidence, should be considered in resolving a motion for summary judgment." *Id.* (quoting *Ridings v. Ridings*, 55 N.C. App. 630, 632, 286 S.E.2d 614, 615-16, *disc. review denied*, 305 N.C. 586, 292 S.E.2d 571 (1982)). "This is especially true where the party opposing the motion has not been surprised and has had full opportunity to argue and present evidence." *Id.* (citing *Dickens v. Puryear*, 302 N.C. 437, 276 S.E.2d 325 (1981)).

## McDEVITT v. STACY

[148 N.C. App. 448 (2002)]

In *Department of Transp. v. Bollinger*, 121 N.C. App. 606, 468 S.E.2d 796 (1996), the trial court heard evidence not in the pleadings and defendants objected to consideration of it without plaintiff formally amending the pleadings. Our Court held that "[t]he evidence defendants object to is within the scope of the pleadings." *Id.* at 609, 468 S.E.2d at 798. "Plaintiff's pleadings make reference to the Right of Way Agreement . . . . Defendants were put on notice . . . . At no time during the hearing did they request a continuance of the hearing based on surprise or lack of knowledge . . . . Defendants have failed to show how they have been prejudiced by the trial court's" treating evidence "as an amendment to the pleadings." *Id.*

Here, plaintiff "has advanced no suggestion of additional witnesses he might have called, further cross-examination he would have conducted, supplementary exhibits he would have introduced, or how amendment otherwise prejudiced him maintaining his [case]." *Shore v. Farmer*, 133 N.C. App. 350, 355, 515 S.E.2d 495, 498, *rev. on other grounds*, 351 N.C. 166, 522 S.E.2d 73 (1999) (citing *Vance Trucking Co., Inc. v. Phillips*, 51 N.C. App. 85, 90, 275 S.E.2d 497, 500 (1981) ("defendants failed to show how the amendments [to pleadings so as to conform to the evidence] would [have] prejudice[d] them in maintaining their defense")).

Plaintiff made general objections at the hearing and trial. He did not argue, nor show any prejudice, or seek a continuance as allowed by the statute.

We hold that when the trial court grants defendants' motion to amend their pleadings to include contributory negligence, the evidence supports the issue of contributory negligence, and plaintiff: (1) is put on notice of an affirmative defense of contributory negligence by defendants' conditional pleading, (2) does not move to strike the allegations and replies denying negligence, asserting the last clear chance doctrine and defendant's gross negligence, (3) avails himself of all opportunities to fairly and fully prosecute his case, (4) fails to argue or show any prejudice to the trial court in presenting his case, (5) requests the instructions of last clear chance, gross negligence, and reckless driving, (6) appeals from the denial of those requested instructions, and (7) fails to argue any prejudice on appeal, the issue of contributory negligence is within the scope of the pleadings, and no further amendment is required. This assignment of error is overruled.

## IV.  Jury Instructions

**[3]** Plaintiff contends that the trial court committed reversible error by instructing the jury that plaintiff's violation of G.S. § 20-146 constituted contributory negligence and argues that the doctrine of sudden emergency should excuse him from leaving his own lane. N.C. Gen. Stat. § 20-146 (1986).

G.S. § 20-146 requires a driver to remain in the right hand lane while driving. Violation of that statute is negligence *per se. Anderson v. Webb,* 267 N.C. 745, 148 S.E.2d 846 (1966). Plaintiff correctly points out that the doctrine of sudden emergency is an exception to the application of the statute. The elements are: (1) "an emergency situation must exist requiring immediate action to avoid injury," and (2) "the emergency must not have been created by the negligence of the party seeking the protection of the doctrine." *Allen v. Efird,* 123 N.C. App. 701, 703, 474 S.E.2d 141, 142-43 (1996) (citation omitted).

Plaintiff failed, however, to: (1) request that instruction during the charge conference, (2) assign plain error here, and (3) argue that the jury may have reached a different result, other than saying that it "impacted the jury." Furthermore, there is no evidence, when viewed in the light most favorable to plaintiff, that would support a reasonable inference of each essential element of the doctrine of sudden emergency to warrant that instruction. This assignment of error is overruled.

## V.  Plaintiff's Requested Instructions

Plaintiff requested that the trial court instruct the jury on the doctrine of last clear chance, reckless driving, and defendant's gross negligence. The trial court refused to give such instructions. The trial court must give requested instructions, at least in substance, if they are proper and supported by evidence. *Haymore v. Thew Shovel Co.,* 116 N.C. App. 40, 49, 446 S.E.2d 865, 871 (1994) (citing *State v. Lynch,* 46 N.C. App. 608, 265 S.E.2d 491, *rev'd on other grounds,* 301 N.C. 479, 272 S.E.2d 349 (1980)).

### A.  Last Clear Chance

**[4]** The issue of last clear chance "[m]ust be submitted to the jury if the evidence, when viewed in the light most favorable to the plaintiff, will support a reasonable inference of each essential element of the doctrine." *Trantham v. Estate of Sorrells,* 121 N.C. App. 611, 612-13, 468 S.E.2d 401, 402, *disc. review denied,* 343 N.C. 311, 471 S.E.2d 82

(1996). The plaintiff must show the following elements: "(1) The plaintiff, by her own negligence put herself into a position of helpless peril; (2) Defendant discovered, or should have discovered, the position of the plaintiff; (3) Defendant had the time and ability to avoid the injury; (4) Defendant negligently failed to do so; and (5) Plaintiff was injured as a result of the defendant's failure to avoid the injury." *Id.* at 613, 468 S.E.2d at 402 (citations omitted).

Here, defendant testified that when she saw the plaintiff's lights approaching in the distance she was on the wrong side of the road placing newspapers in customers' boxes, and decided that she "would be better off sitting off the road instead of trying to take time to go completely back across the road." After defendant made that decision to park parallel in a customer's drive-way, there was nothing more she could have done to avoid the collision. Viewing all the evidence in the light most favorable to plaintiff, the jury could not find all the elements necessary for the doctrine of last clear chance. The trial court did not err denying plaintiff's requested instruction.

## B. Reckless Driving Instruction

[5] Plaintiff argues that "there was ample evidence of Defendant's perilous operation of her automobile" and that the trial court erred by not giving a reckless driving instruction. Defendant points out that she "admittedly drove her car on the wrong side of the road, at night, with her headlights on and directed at oncoming traffic." Defendant then contends that "(c)ertainly such conduct indicates a careless and heedless attitude toward the safety of oncoming travelers." We disagree.

G.S. § 20-140 defines reckless driving.

(a) Any person who drives any vehicle upon a highway or any public vehicular area carelessly and heedlessly in willful or wanton disregard of the rights or safety of others shall be guilty of reckless driving.

(b) Any person who drives any vehicle upon a highway or any other public vehicular area without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property shall be guilty of reckless driving.

N.C. Gen. Stat. § 20-140 (a)-(b) (2001). " 'An act is wanton when it is done of wicked purpose, or when done needlessly, manifesting a

reckless indifference to the rights of others.' " *Wagoner v. North Carolina R.R. Co.*, 238 N.C. 162, 167, 77 S.E.2d 701, 705 (1953) (quotation omitted).

Defendant was negligent in driving on the wrong side of the road to deliver her newspapers. The evidence indicates, however, that defendant's car was parked completely in a driveway off the road as plaintiff's car approached. Defendant's uncontradicted testimony was that she was very cautious when she delivered newspapers in the early morning hours on "really dark, deserted roads." Defendant's conduct does not indicate the level of carelessness, wicked purpose, or a willful or wanton disregard for the safety of plaintiff. There was no evidence to support the jury instruction on reckless driving. The trial court properly denied plaintiff's request.

### C. Gross Negligence Instruction

[6] Defendant finally argues that driving up the wrong side of the road, and choosing to stay there when defendant's car approached "fits the definition of wilful conduct" sufficiently to defeat defendant's affirmative defense of contributory negligence.

Our Supreme Court recently stated that "it is clear from the language of this Court that the difference between ordinary negligence and gross negligence is substantial." *Yancey v. Lea*, 354 N.C. 48, 53, 550 S.E.2d 155, 158 (2001). "An act is done wilfully when it is done purposefully and deliberately in violation of law, (citation omitted) or when it is done knowingly and of set purpose, or when the mere will has free play, without yielding to reason." *Foster v. Hyman*, 197 N.C. 189, 191, 148 S.E. 36, 37 (1929) (citations omitted). Viewing the entire record in the light most favorable to plaintiff, there is no evidence that will support a reasonable inference of gross negligence. This assignment of error is overruled.

No error.

Judge TIMMONS-GOODSON concurs.

Judge HUDSON dissents.

HUDSON, Judge, dissenting.

Although I agree that notice pleading generally applies in North Carolina, I read Rule 8(c) and related cases to require that the defend-

ant actually plead the defense of contributory negligence. *See* N.C. Gen. Stat. § 1A-1, Rule 8(c) (1999). In their answer here, the defendants did not plead contributory negligence; rather, they gave notice of their intention to so plead, if they learned facts which justified it. Indeed, the defendants here averred in their answer that they had no basis for pleading contributory negligence, but intended to amend to include such allegations, if they learned facts during discovery to justify such an amendment. The defendants did not advise the court that they had learned any such new facts, nor did they amend their answer. Accordingly, I do not believe that the defendants sufficiently pled the defense of contributory negligence, as required by the Rules.

The language of Rule 8(c) at issue here is the following:

(c) Affirmative Defenses.—In pleading to a preceding pleading, a party shall set forth affirmatively . . . contributory negligence . . . . Such pleading shall contain a short and plain statement of any matter constituting an avoidance or affirmative defense sufficiently particular to give the court and the parties notice of the transactions, occurrences, or series of transactions or occurrences, intended to be proved.

The paragraph that the majority quotes from the answer filed by the defendants, which refers to "conditional contributory negligence," contains no factual allegations at all, and gives no notice, particular or otherwise, of the occurrences the defendants intended to prove. In fact, the quoted paragraph specifically states that the "defense [of contributory negligence] . . . cannot be pleaded." I do not agree that one can read sufficient notice of the basis for the defense into this pleading, which specifically provides that the defendants did not know if they even had such a basis. On its face, this paragraph in the answer fails to satisfy the special pleading requirements of Rule 8(c). Even if the trial court, by implication, granted the defendants' oral motion to amend their answer, the defendants never actually amended the answer, orally or in writing. Since contributory negligence was ultimately the basis upon which the jury returned its verdict against the plaintiff, I believe that prejudice to the plaintiff is manifest, and I would reverse and remand for a new trial. Accordingly, I respectfully dissent.